B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court **District of Delaware** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Midway Games Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See attached Annex A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>22-2906244 | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>2704 West Roscoe Street, Chicago, IL<br>ZIP CODE  60618 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

### Filing Fee (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- [x] Debtor estimates that funds may be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

B 1 (Official Form 1) (1/08)                                                                                                              **Page 2**

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Midway Games Inc. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: See attached Annex A | Case Number: | Date Filed: |
|---|---|---|
| District: District of Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☑ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**B 1 (Official Form) 1 (1/08)**                                                                                           **Page 3**

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Midway Games Inc. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney***

X  *Michael DeBaecke* (No. 3186)
   Signature of Attorney for Debtor(s)
   Michael D. Baecke
Printed Name of Attorney for Debtor(s)
   Blank Rome LLP
Firm Name
Address
   1201 Market Street, Suite 800
   Wilmington, DE 19801
   (302) 425-6400
Telephone Number
   2|12|09
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address
_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  *Ryan O'Day*
   Signature of Authorized Individual
   Ryan G. O'Desky
Printed Name of Authorized Individual
   Treasurer and Chief Financial Officer
Title of Authorized Individual
   2|12|2009
Date

## ANNEX A - TO VOLUNTARY PETITION

### Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under Chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of these petitions, such entities filed a motion requesting joint administration of their Chapter 11 cases.

| | |
|---|---|
| Midway Games Inc. | Midway Sales Company, LLC |
| Midway Home Entertainment Inc. | Midway Home Studios Inc. |
| Midway Amusement Games, LLC | Surreal Software Inc. |
| Midway Games West Inc. | Midway Studios - Los Angeles Inc. |
| Midway Interactive Inc. | Midway Studios - Austin Inc. |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  MIDWAY GAMES INC.,                )        Case No. 09-_____
                                          )
                    Debtor.               )        Chapter 11

## EXHIBIT A TO VOLUNTARY PETITION

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is: 1-12367.

2.  The following financial data is the latest available information and refers to the debtor's and its consolidated affiliates' condition on September 30, 2008, as reflected in the debtor's Quarterly Report on Form 10-Q, covering the quarterly period ended September 30, 2008, filed with the United States Securities and Exchange Commissions: [1]

  a.  Total assets:                       $167,523,000 (unaudited)

  b.  Total debts:                        $281,033,000 (current and non-current liabilities, unaudited)

  c.  Debt securities held by more than 500 holders:

| | | | | Approx. number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A[2] | N/A |

  d.  Number of shares of preferred stock:    N/A          N/A

  e.  Number of shares of common stock        92,129,925   700

> Comments, if any:  Debtor Midway Games Inc. had 92,129,925 shares of common stock, $0.01 par value, outstanding as of October 31, 2008, excluding 1,410,430 shares held as treasury shares.

3.  Brief description of the debtor's business:  Development, distribution and sale of video games.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtor[3]:

Acquisition Holdings Subsidiary I LLC ("AHS"), a Delaware limited liability company, owns 80,339,266 shares of the debtor's issued and outstanding common stock (the "Stock"), representing approximately 87.2% of the Stock.  MT Acquisition Holdings LLC ("MTAH"), a Delaware limited liability company, in turn, is the sole member of AHS and thus beneficially owns 87.2% of the Stock.  Mark Thomas, an individual, in turn, is the sole member of MTAH and thus beneficially owns 87.2% of the Stock.

---

[1]    The information contained in the debtor's response to Exhibit A, Question 2, includes assets and liabilities of the debtor's foreign affiliates, which entities are not debtors in these chapter 11 cases.

[2]    On information and belief, the debtor's 6% and 7.125% Convertible Senior Notes, due September 30, 2025, and May 31, 2026, respectively, in the aggregate principal face amount of $150 million, are held by substantially less than 500 holders.

[3]    The information contained in the debtor's response to Exhibit A, Question 4, was obtained from a Schedule 13D Statement, dated December 5, 2008, filed with the United States Securities and Exchange Commission by AHS, MTAH and Mark Thomas.

## CERTIFICATE OF RESOLUTIONS

I, Deborah K. Fulton, Senior Vice President, Secretary and General Counsel of Midway Games Inc., a Delaware corporation (the "Company"), hereby certify: (a) I am Senior Vice President and the duly appointed and acting General Counsel and Secretary of the Company; (b) that the following resolutions were duly adopted by the Board of Directors (the "Board") of the Company at a special meeting of the Board duly called and held on February 10, 2009, and that the following resolutions were adopted in accordance with the requirements of Delaware Corporation Law; and (c) that these resolutions have not been modified or rescinded and are still in full force and effect as of the current date.

WHEREAS, upon the expiration on February 12, 2009 of certain waiver and forbearance agreements, Midway Games Inc. (the "Corporation") may default in its obligations relating to its 6% Convertible Senior Notes due 2025 or its 7.125% Convertible Senior Notes due 2026 or the Corporation or its subsidiaries may default in their respective obligations under the Loan and Security Agreement, Unsecured Loan Agreement, and Subordinated Unsecured Loan Agreement each dated February 29, 2008, as amended ("Default");

WHEREAS, a Default will enable the Corporation's lender to seize the assets of the Corporation and its subsidiaries thereby imperiling their continued operations;

WHEREAS, the Board of Directors of the Corporation believes that the continued operation of the Corporation and its subsidiaries is in the best interests of the Corporation;

RESOLVED, that the Board hereby adopts the following resolutions, effective February 12, 2009:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, employees, and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that each of the Chief Executive Officer, the Chief Financial Officer, and General Counsel (each such officer or designee being an "Authorized Person" and all being the "Authorized Persons") are hereby authorized, empowered and directed, in the name, and on behalf of the Corporation, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), as well as all other ancillary documents, and to cause the Chapter 11 Case to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time or in such other jurisdiction as such Authorized Person executing same shall determine.

RESOLVED, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute, verify, and cause to be filed all petitions, schedules, lists, motions, applications, pleadings,

adversary proceedings, agreements, and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, the execution of any document or the doing of any act by an Authorized Person in connection with any of the foregoing to be conclusively presumed to be authorized by this resolution, all with a view to the successful prosecution of the Chapter 11 Case resulting in one or more of a reorganization, restructuring of debt, and/or a sale of some or substantially all of the assets of the Corporation.

RESOLVED, that the Authorized Persons are authorized, directed, and empowered to employ the law firm of Blank Rome LLP as lead bankruptcy counsel for the Corporation under a general retainer in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval, and in connection therewith such Authorized Persons are hereby authorized, directed, and empowered, in the name and on behalf of the Corporation, to execute any retention agreement, pay retainers in connection therewith, and cause to be filed any necessary application to employ Blank Rome LLP as lead bankruptcy counsel.

RESOLVED, that the Authorized Persons are authorized, directed, and empowered to employ Lazard as investment banker for the Corporation under a general retainer in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval, and in connection therewith such Authorized Persons are hereby authorized, directed, and empowered, in the name and on behalf of the Corporation, to execute a retention agreement, pay retainers in connection therewith, and cause to be filed any necessary application to employ Lazard as investment banker.

RESOLVED, that the Authorized Persons are authorized, directed, and empowered to employ the law firm of Dewey & LeBoeuf LLP as special counsel to the Board or a committee of the Board in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval, and in connection therewith such Authorized Persons are hereby authorized, directed, and empowered, in the name and on behalf of the Corporation, to execute a retention agreement, pay retainers in connection therewith, and/or cause to be filed any necessary application to employ Dewey & LeBoeuf LLP as special counsel to the Board or a committee of the Board in the Chapter 11 Case.

RESOLVED, that the Authorized Persons are authorized, directed, and empowered to employ a claims and noticing agent for the Bankruptcy Court and the Corporation, under any agreed upon retainer in the Chapter 11 Case and subject to any requisite Bankruptcy Court approval, and in connection therewith such Authorized Persons are hereby authorized, directed, and empowered, in the name and on behalf of the Corporation, to execute a retention agreement, pay a retainer in connection therewith, and cause to be filed any necessary application to employ a claims and noticing agent.

RESOLVED, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to engage and retain assistance from other legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, all with a view to the

2

successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful Chapter 11 Case.

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Corporation, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings, use of cash collateral, or other financing transactions prior to or during the Chapter 11 Case, such determination to be evidenced by execution of the necessary documentation or taking of all necessary action.

RESOLVED, each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) to negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Corporation, as the case may be, in such form and substance as such persons may approve, together with such changes and amendments to any of the terms and conditions thereof as such persons may approve, with the execution and delivery thereof on behalf of the Corporation by or at the direction of such persons to constitute evidence of such approval, (ii) to negotiate, execute, deliver and/or file, in the name and on behalf of the Corporation, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby.

RESOLVED, that, any and all past actions heretofore taken by officers of the Corporation in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

3

499287.00001/40178004v.2

IN WITNESS WHEREOF, I have set my hand this 11th day of February, 2009.

Deborah K. Fulton
Senior Vice President, Secretary and General Counsel
Midway Games Inc.

4

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MIDWAY GAMES INC., *et al.*, | : | Case No. 09-_____ (___) |
| | : | (Joint Administration Requested) |
| Debtors.[1] | : | |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE THIRTY (30) LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

  Following is the consolidated list of the creditors holding the 30 largest unsecured claims against the Debtor Midway Games Inc. and its affiliates (collectively, the "Debtors") identified on Annex A to the Chapter 11 petitions filed contemporaneously herewith. The list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The list has been prepared on a consolidated basis, based upon the books and records of the Debtors, all of which have contemporaneously commenced chapter 11 cases in this Court. The information presented in the list shall not constitute an admission by, nor is it binding on, any of the Debtors. All rights are reserved.

  This list does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the consolidated 30 largest unsecured claims.[2]

---

[1]  The Debtors will file their schedules of assets and liabilities (the "Schedules") in accordance with applicable law. The information contained in the Schedules may differ from the information set forth below.

[2]  The Debtors have not yet identified all of the 30 largest unsecured claims that may be contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve the right to identify any of the 30 largest unsecured claims in their Schedules as contingent, unliquidated, disputed and/or subject to setoff, as appropriate.

| | (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1 | Wells Fargo Bank, N.A., as Indenture Trustee for 6.0% Convertible Senior Notes | | Unsecured Notes | | $75,000,000 |
| 2 | Wells Fargo Bank, N.A., as Indenture Trustee for 7.125% Convertible Senior Notes | | Unsecured Notes | | $75,000,000 |
| 3 | Acquisition Holdings Subsidiary LLC c/o Mark Thomas Kramer, Levin Naftalis, etc. 1177 Avenue of the Americas New York, NY 10036 | | Unsecured Loan | | $40,000,000 |
| 4 | National Amusements, Inc. 200 Elm Street P.O. Box 9126 Dedham, MA 02027-9126 | | Subordinated Loan | | $20,147,863 |
| 5 | NBA Properties, Inc. PO Box 35240 Newark, NJ 07193-5240 | Greg Lassen 645 5th Street New York, NY 10022-5910 212 407-8000 | License Royalty/ Settlement Agreement | | $17,294,849 |
| 6 | Tangible Media, Inc. 10 East 40th Street 9th Floor New York, NY 10016 | Mitch Boden 417 Fifth Avenue 11th Floor New York, NY 10016 212 576-4051 | Marketing/ Advertising | Unliquidated Disputed | $8,675,954 |
| 7 | Warner Bros. Interactive Entertainment Inc. PO Box 100717 Pasadena, CA 91189 | Albert Fernandez 818 977-7838 | License Royalty | Unliquidated Disputed | $6,654,203 |
| 8 | Artifical Mind & Movement 416 DeMaisonneuve Quest Suite 600 Montreal, Quebec Canada H3A 1L2 | Jean Martin-Masse 416 DeMaisonneuve Quest, Suite 600 Montreal, Quebec Canada H3A 1L2 514 448-2213 | External Developer | Unliquidated Disputed | $2,000,000 |
| 9 | Epic Games, Inc. 620 Crossroads Boulevard Cary, NC 27518 | Anne Dube 620 Crossroads Blvd. Cary, NC 27518 919 854-0070 | License Royalties | Unliquidated Disputed | $1,975,000 |

2

| | (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address including zip code of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 10 | Walmart 702 SW 8th Street Bentonville, AR 72716-0040 | Darin Dickson P.O. Box 116 702 Southwest 8th St. Bentonville, AR 72716 479 273-6289 | Customer Credits | Unliquidated, subject to setoff | $1,576,035 |
| 11 | Far Sight Technologies, Inc. PO Box 2895 Big Bear Lake, CA 92315-2895 | Jay Obernolte PO Box 2895 Big Bear Lake, CA 92315 | External Developer | Unliquidated Disputed | $1,279,151 |
| 12 | Best Buy Company PO Box 9331 Minneapolis, MN 55440-9312 | Jill Hamburger 7601 Penn Avenue, S. Richfield, MN 55423 612 292-7860 | Customer Credits | Unliquidated, subject to setoff | $1,114,036 |
| 13 | Target Northern Operations PO Box 59251 Minneapolis, MN 55459-0251 | Troy Peterson 1000 Nicollet Mall 22nd Floor TPS2265 Minneapolis, MN 55403 612 696-3697 | Customer Credits | Unliquidated/ subject to setoff | $934,156 |
| 14 | Technicolor Video Services Department No. 7658 Los Angeles, CA 90088-7658 | Rich Cusolito 805 445-4292 | Warehouse Shipping Disk Mfg. | Unliquidated Disputed | $637,769 |
| 15 | Toys R Us 8181 Mira Mesa Boulevard San Diego, CA 82121 | G. Berthel Terrance Building One Jeffrey Way Wayne, NJ 07470 973 617-3500 | Customer Credits | Unliquidated, subject to setoff | $615,276 |
| 16 | Ditan/Synergex Canada Inc. 6175 Kenway Drive Mississauga, Ontario Canada L5T 2L3 | Jean-Paul Rehr 1280 Courtney Park Dr. Mississauga, Ontario Canada L5T 1N6 905 362-8066 | Customer Credits | Unliquidated, subject to setoff | $578,316 |
| 17 | CBS Outernet, Inc. 140 Sherman Street Fairfield, CT 06824 | | Marketing Vendor | Unliquidated Disputed | $314,600 |
| 18 | David Zucker 1060 Fisher Lane Winnetka, IL | | Severance | | $300,000 |
| 19 | Multi Packaging Solutions 75 Remittance Avenue Suite 3111 Chicago, IL 60675-3111 | Tim Klewicki 13465 Jupiter Road Dallas, TX 75238 214 343-7621 | Product Packaging | | $287,038 |
| 20 | A.A.F.E.S. Headquarters P.O. Box 660261 Dallas, TX 75266 | Attn. CM-A/OSE | Customer Credits | Unliquidated, subject to setoff | $276,314 |

3

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address including zip code of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 21 KMart Holding Corporation DUNS 010297695 3100 W. Big Beaver Rd. Troy, MI 48084 | | Customer Credits | Unliquidated, subject to setoff | $218,497 |
| 22 Tigon Studios 910 Wilshire Blvd., Suite 333E Beverly Hill, CA 90212 | George Davis Nelson Felker Toczek Davis LLP 10880 Wilshire Blvd. Suite 2070 Los Angeles, CA 90024 310 441-8000 | License Royalty | Unliquidated Disputed | $200,000 |
| 23 Hollywood Entertainment2 9275 S.W. Peyton Lane Willsonville, OR 97070 | | Customer Credits | Unliquidated, subject to setoff | $190,982 |
| 24 TNA Entertainment LLC 4100 Spring Valley Road Suite 1001 Dallas, TX 75244 | Dixie Carter 209 Tenth Avenue, S. Suite 302 Nashville, TN 37203 | License Royalty | Unliquidated Disputed | $160,000 |
| 25 Professional Films, Inc. 100 Wilshire Blvd., Suite 2040 Santa Monica, CA 90401 | David Nochimson Ziffren Law Office 1801 Century Los Angeles, CA 90067-6406 | License Royalty | Unliquidated Disputed | $150,000 |
| 26 Synergex - Latin America 1280 Courtneypark Drive E Mississauga, ON Canada | | Customer Credits | Unliquidated, subject to setoff | $149,027 |
| 27 Pioneer/JB Marketing 16730 Schoenborn St. North Hills, CA 91343 | | Customer Credits | Unliquidated, subject to setoff | $133,353 |
| 28 Eclipse Advertising 2255 North Ontario Street #230 Burbank, CA 91504 | Tilo Ponder 818 238-9388 | Marketing/ Advertising | Unliquidated Disputed | $132,687 |
| 29 Gamestop 625 Westport Parkway Grapevine, TX 76051 | Dan Dematteo 625 Westport Parkway Grapevine, TX 76051-6740 817 424-2000 | Customer Credits | Unliquidated, subject to setoff | $127,250 |
| 30 Sears Roebuck and Co. ATTN: A/P 4849 Greenville Ave. Dallas, TX 75206 | ATTN: A/P 4849 Greenville Ave. Dallas, TX 75206 | Customer Credits | Unliquidated, subject to setoff | $125,495 |

4

## DECLARATION REGARDING CREDITORS
## HOLDING THE THIRTY LARGEST UNSECURED CLAIMS

I, Ryan G. O'Desky, am an authorized officer of Midway Games Inc. and each of the other debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), and in such capacities am familiar with the financial affairs of each of the Debtors. I declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Thirty (30) Largest Unsecured Claims Against the Debtors and that the information included therein is true and correct to the best of my knowledge, information and belief.[1]

Dated:  February 12, 2009

Ryan G. O'Desky
Treasurer and Chief Financial Officer

MIDWAY GAMES INC., *et al.*

---

[1] One or more current employees may hold unsecured claims that would place them among the Top 30 List. Such person(s) are not included herein because the Debtors intend to file promptly a motion seeking authority to pay such claims.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| MIDWAY GAMES INC. | : Case No. 09-_____ (___) |
| Debtor | : |

### CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 1007-1(a), debtor Midway Games Inc. (the "Company"), by and through its proposed undersigned counsel, hereby states that the following entities directly or indirectly own 10% or more of the Company's publicly traded common stock:

1.    Acquisition Holdings Subsidiary I LLC ("AHS"), a Delaware limited liability company, owns 80,339,266 shares of the Company's issued and outstanding common stock (the "Stock"), representing approximately 87.2% of the Stock.  MT Acquisition Holdings LLC ("MTAH"), a Delaware limited liability company, in turn, is the sole member of AHS and thus beneficially owns 87.2% of the Stock.  Mark Thomas, an individual, in turn, is the sole member of MTAH and thus beneficially owns 87.2% of the Stock.

The information contained in this Corporate Ownership Statement was obtained from a Schedule 13D Statement, dated December 5, 2008, filed with the United States Securities and Exchange Commission filed by AHS, MTAH and Mark Thomas.

Dated: Wilmington, Delaware
February 12, 2009

**BLANK ROME LLP**

By: _Michael DeBaecke_
Michael D. DeBaecke (No. 3186)
Jason W. Staib (No. 3779)
David W. Carickhoff (No. 3715)
Victoria Guilfoyle (No. 5183)
1201 North Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6412
Facsimile:  (302) 425-6464

-and-

Jeffrey N. Siegel
Marc E. Richards
Pamela E. Flaherty
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:  (212) 885-5000
Facsimile: (212) 885-5001

*Proposed Attorneys for the Debtors And
Debtors In Possession*

2

900200.00001/40178425v.1

## **CERTIFICATION**

I, the undersigned officer of Midway Games Inc., declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: February 12, 2009

Ryan G. O'Desky