IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MIDWAY GAMES INC., *et al.*, | ) |
| | ) Case No. 09-10465 (KG) |
| | ) (Jointly Administered) |
| | ) |
| | ) [Objection Deadline: March 25, 2009 at 4:00 p.m.] |
| | ) [Hearing Date: April 1, 2009 at 11:00 a.m.] |
| Debtors. | ) |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 23, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully submits this application (the "Application") pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Committee to retain and employ FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee nunc pro tunc to February 23, 2009. In support of this Application, the Committee respectfully represents as follows:

## Introduction

1. On February 12, 2009 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

4. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 23, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee selected Milbank, Tweed, Hadley & McCloy LLP ("Milbank") as its counsel, and FTI as its financial advisors. The Committee consists of the following five members:

    (a) Wells Fargo Bank, N.A. as Indenture Trustee;

    (b) Highbridge International LLC as Co-Chairman;

    (c) NBA Properties, Inc. as Co-Chairman;

    (d) FarSight Studios, Inc.; and

    (e) Multi Packaging Solutions, Inc.

## Relief Requested

7. By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, *nunc pro tunc* to February 23, 2009.

8. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

9. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

10. FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses required pursuant a possible Debtor-in-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance with a review of the Debtors' proposed key employee retention and other critical employee benefit programs;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance regarding the evaluation of business operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings;

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### FTI's Eligibility for Employment

11. FTI has informed the Committee that, except as may be set forth in the Affidavit of Conor Tully (the "Tully Affidavit"), it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

12. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

13. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

### Terms of Retention

14. FTI is not owed any amounts with respect to pre-petition fees and expenses.

15. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of actual and necessary expenses for its financial advisory

services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee. Actual and necessary expenses would include any legal fees incurred related to FTI's retention and defense of fee application in this matter, subject to Court approval.

16. Subject to Court approval and in accordance with the reasonableness standard provided for in Bankruptcy Code sections 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on a fixed monthly basis of $100,000 per month ("Monthly Fixed Fee"), and a completion fee of $400,000 ("Completion Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. The Completion Fee will be considered earned and payable, subject to Court approval, upon the earliest occurrence of the following: (a) the confirmation of a plan of reorganization or plan of liquidation or (b) the sale or liquidation of all or substantially all of the Debtors' assets (whether in one transaction or multiple transactions).

17. On a monthly basis as part of FTI's monthly fee application, FTI will provide time detail at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an overview of the type of work performed.

18. To the extent FTI is called upon to provide expert testimony, or forensic and litigation consulting services, or FTI professional time is required for deposition, such work is not included under or limited to the fixed monthly fee provided above. If such services, testimony or deposition is required, FTI's standard billing rates will apply and FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI. FTI's hourly fees (the "Hourly Fees"), if applicable, will be based on the actual hours worked and the following standard hourly billing rates (which may be subject to adjustment from

time to time):[1]

| | |
|---|---|
| Senior Managing Directors | $710 – 825 |
| Managing Directors | $625 – 685 |
| Directors | $520 – 615 |
| Consultants / Sr. Consultants | $255 – 480 |
| Administration / Paraprofessionals | $105 - 210 |

### Request for Approval of Retention of
### FTI Consulting *nunc pro tunc* to February 23, 2009

19. The Committee requests that the approval of FTI's retention be approved *nunc pro tunc* to February 23, 2009. Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for FTI to perform services for the Committee. The Committee has sought authorization to retain FTI as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

---

[1] FTI's hourly rates are subject to an increase in January of each calendar year.

## Notice

20. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

21. No prior Application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to February 23, 2009, and grant such further relief as is just and proper.

Date: March 16, 2009

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MIDWAY GAMES INC., ET AL.

By: _____,
Co-Chair of the Committee
Harvey E. Benjamin
NBA Properties, Inc.


By: _____
Co-Chair of the Committee
Highbridge International LLC

## Notice

20. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

21. No prior Application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to February 23, 2009, and grant such further relief as is just and proper.

Date: March 1⁄2, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MIDWAY GAMES INC., ET AL.

By: _____
Co-Chair of the Committee
Harvey E. Benjamin
NBA Properties, Inc.

By: _____
Co-Chair of the Committee
Highbridge International LLC