# Exhibit 1

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MIDWAY GAMES, INC., *et al.*, | ) Case No. 09-10465 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) Related to Docket No. ____ |

## ORDER AUTHORIZING RETENTION OF
## FTI CONSULTING, INC.
## AS FINANCIAL ADVISORS
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. ("FTI") as financial advisors; and upon the Affidavit of Conor Tully in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interests in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

ORDERED that in accordance with section 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of February 23, 2009 as their financial

advisors on the terms set forth in the Application; and it is further

ORDERED that FTI will receive its compensation as specified in the Application, plus reimbursement of actual and necessary expenses incurred by FTI, in accordance with the reasonableness standard provided for in Bankruptcy Code sections 328(a); and it is further

ORDERED that notwithstanding any provision of the Application, the Completion Fee will be considered earned and payable, subject to Court approval, upon the earliest occurrence of: (a) the confirmation of a plan of reorganization or plan of liquidation or (b) the sale or liquidation of all or substantially all of the Debtors' assets (whether in one transaction or multiple transactions).

ORDERED that notwithstanding the foregoing, the U.S. Trustee shall retain the right to object based on the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

ORDERED that pursuant to the preceding paragraph, FTI is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred related to FTI's defense of fee applications in this matter, subject to Court approval, and notwithstanding the foregoing, the U.S. Trustee shall retain the right to object to reimbursement of actual and necessary expenses; and it is further

ORDERED that FTI shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, as it relates to the Monthly Fixed Fee FTI shall provide summary level time detail limited to the total number of hours worked by professional and the total number of hours spent by task category, while full time

detail will be provided for any Hourly Fees, if applicable. For each task category, FTI shall provide an overview of the type of work performed; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Date: April ___, 2009

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE