# Exhibit 2

**Tully Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **MIDWAY GAMES, INC.,** *et al.,*, | ) |
| | ) 09-10465 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**AFFIDAVIT IN SUPPORT OF THE APPLICATION
FOR AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS
FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss. |
| COUNTY OF NEW YORK | ) |

I, Conor P. Tully, being duly sworn, hereby deposes and says:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "FTI"), a financial advisory services firm with numerous offices throughout the country. I submit this Affidavit on behalf of FTI (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Midway Games, Inc., *et al.*, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order authorizing the employment and retention of FTI as financial advisors under the terms and conditions set forth in the Application. Except as otherwise noted,[1] I have personal knowledge of the matters set forth herein.

---

[1] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

## Disinterestedness and Eligibility

2. In connection with the preparation of this Affidavit, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on Exhibit A to this Affidavit. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. A summary of such relationships that FTI identified during this process is set forth on Exhibit B to this Affidavit.

3. Based on the results of its review, except as otherwise noted herein, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support and/or engineering and scientific investigation consulting services. To the best of my knowledge, no services have been provided to these parties-in-interest which are adverse to the rights of the Committee, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

4. Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, and law firms, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently, and will likely in the future, be working with or against other professionals involved in these cases in

matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Committee herein in matters upon which FTI is to be employed, and except as noted below, none are in connection with these cases.

5. FTI and/or its affiliates have had engagements involving the Debtors as described in more detail below.

    i. FD Ashton Partners ("FD Ashton"), a subsidiary of FTI, was retained prepetition in September 2008 and again in December 2008 by the Debtors to assist with providing corporate communications work, advice on media relations and investor relations. Going forward, the Debtors requested that FD Ashton continue its work as an Ordinary Course Professional ("OCP"). The OCP motion was approved by the Court on March 10, 2008. FD Ashton's affiliation with FTI and its prior and continued role as an OCP was disclosed to both the Debtors and the Committee and both parties consented to the continued employment of both FTI and FD Ashton, in their respective roles. FD Ashton received total fees through the bankruptcy filing date of $160,710.50 and held an unapplied retainer of $33,337.50. FD Ashton will apply this amount to future billings. FD Ashton is not owed any additional money for its prepetition services.

    ii. FTI was retained in December 2008 by Milbank Tweed Hadley & McCloy LLP ("Milbank") to provide financial advisory services to an ad hoc group of senior unsecured noteholders of Midway Games, Inc. (the "Unsecured Noteholders"). FTI received total fees through the bankruptcy filing date of $291,433 of which $1,110 was unearned. FTI will apply the unearned fees towards its first fixed monthly fee in connection with its engagement to represent the Committee.

6. In order to maintain the confidentially of the client information in connection with FTI's engagement on behalf of the Committee ("FTI Committee Engagement"), FTI will protect the client information through the use of its "Ethical Wall and Confidentiality Agreements" procedures. In conjunction with the foregoing, FTI has established and will maintain the following internal procedures: (i) each FTI professional on the FTI Committee Engagement ("FTI Committee Professionals") and the FD Ashton professionals shall execute a letter (a "Confidentiality Letter") acknowledging that he or she may receive certain nonpublic information and shall execute an Ethical Wall Agreement acknowledging that he or she is aware of the information wall in effect and will follow the information wall procedures therein; (ii) FTI Committee Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to Committee activities or Committee membership with the FD Ashton professionals, and the FD Ashton professionals will not directly or indirectly share any nonpublic information generated by or received from the FD Ashton engagement with FTI Committee Professionals, except that a good-faith communication of publicly available information shall not be presumed to be a breach of the obligations of FTI or any FTI Committee Professionals or the FD Ashton professionals under such information wall procedures; (iii) FTI is setting up electronic internal security walls to ensure that only FTI employees involved directly with or working on the FTI Committee Engagement may have access to the information, databases, e-mails, schedules or any other information relating to the engagement; (iv) FTI shall periodically monitor, consistent with its ordinary course compliance practice, communications through electronic means among FTI Committee Professionals and the FD Ashton professionals to ensure that such exchanges are performed in a manner consistent with the information wall procedures; (v) FTI shall immediately disclose to Committee counsel and the United States Trustee any material breaches of the procedures described herein. If FTI ceases to act

as advisor to the Committee, it will continue to follow the procedures set forth above until a plan has been confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases has been converted or dismissed.

7. FTI is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

8. As such, to the best of my knowledge, FTI does not represent any other entity having an interest adverse to the Committee in connection with these Cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

9. It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties-in-interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

10. It is my understanding that Kirkland & Ellis is engaged as counsel to Midway Games, Inc. in connection with these proceedings. Mr. George P. Stamas, a partner of Kirkland & Ellis, is currently a member of the Board of Directors of FTI. To the best of my knowledge, Mr. Stamas is in no way involved with the Kirkland & Ellis team in these proceedings, nor does Mr. Stamas have any professional involvement in this matter in any capacity.

### Professional Compensation

11. Subject to Court approval and in accordance with the reasonableness standard provided for in Bankruptcy Code sections 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on a fixed monthly basis

of $100,000 per month ("Monthly Fixed Fee"), and a completion fee of $400,000 ("Completion Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. The Completion Fee will be considered earned and payable, subject to Court approval, upon the earliest occurrence of the following: (a) the confirmation of a plan of reorganization or plan of liquidation or (b) the sale or liquidation of all or substantially all of the Debtors' assets (whether in one transaction or multiple transactions). Actual and necessary expenses would include any reasonable legal fees incurred related to FTI's defense of fee applications in this matter, subject to Court approval.

12. To the extent FTI is called upon to provide expert testimony, or forensic and litigation consulting services, or FTI professional time is required for deposition, such work is not included under or limited to the fixed monthly fee provided above. If such services, testimony or deposition is required, FTI's standard billing rates will apply and FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI. FTI's hourly fees (the "Hourly Fees"), if applicable, will be based on the actual hours worked and the following standard hourly billing rates (which may be subject to adjustment from time to time):[2]

| | |
|---|---|
| Senior Managing Directors | $710 – 825 |
| Managing Directors | $625 – 685 |
| Directors | $520 – 615 |
| Consultants / Sr. Consultants | $255 – 480 |
| Administration / Paraprofessionals | $105 – 210 |

---

[2] FTI's hourly rates are subject to an increase in January of each calendar year.

13. FTI shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, as it relates to the Monthly Fixed Fee FTI shall provide summary level time detail limited to the total number of hours worked by professional and the total number of hours spent by task category, while full time detail will be provided for any Hourly Fees, if applicable. For each task category, FTI shall provide an overview of the type of work performed.

14. To the best of my knowledge, a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

Dated this 13th day of March 2009.

_____
Conor P. Tully

SUBSCRIBED AND SWORN TO BEFORE ME this 13th day of March 2009.

_____
Notary Public

My Commission Expires:

May 24, 2012

LINDA J. PEARSON
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PE6110512
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES MAY 24, 2012

# EXHIBIT A

## Listing of Parties-in-Interest Reviewed for Current Relationships

**Company and Affiliated Entities**

Midway Games Inc.
Midway Amusement Games
Midway Home Entertainment
Surreal Software
Midway Interactive
Midway Studios - Austin
Midway Studios - Los Angeles
Midway Games West
Midway Home Studios
Midway Sales Company LLC

Midway Studios - Newcastle Limited (U.K.)
Midway Australia Holdings Pty Ltd.
Ratbag Holdings Pty Ltd.
Midway Studios - Australia Pty Ltd
Midway Games Canada Corp.
Midway Games Limited (U K)
K.K. Midway Games (Japan)
Midway Games Gmbh (Germany)
Midway Games SAS (France)

**Current Lenders**
*6 0% and 7 125% Noteholders and Indenture Trustee*
Wells Fargo, Indenture Trustee for the 6.0% and 7.125% Notes
Highbridge International LLC
Highbridge Capital Management LLC
Aristeia Partners, L.P.
Aristeia Capital, LLC
UBS O'Connor LLC
O'Connor Global Convertible Arbitrage II
O'Connor Global Multi-Strategy Alpha
HFR RVA Combined Master Trust
Whitebox Combined Partners LP
Whitebox Convertible Arbitrage Partners LP
Tennebaum Multi-Strategy Master Fund I

Tennenbaum Capital Partners LLC
Tiedemann Investment Group
Bruce Fund, Inc.
Lanphier Capital Management, Inc.
D E Shaw Valence Portfolios, L.L.C.
Magnetar Financial LLC
Magnetar Capital Master Fund, Ltd.
Citadel Equity Fund Ltd.
Citadel Advisors LLC
Polygon Global Opportunities Master Fund
Polygon Investment Partners LP

**Thomas and Related Entities**
Mark Thomas
Acquisition Holdings Subsidiary I LLC
MT Acquisition Holdings

**Current and Former Restructuring Professionals and Investment Bankers**
Kramer Levin Naftalis & Frenkel
Kelley Drye
Milbank Tweed Hadley & McCloy
FTI Consulting
Lazard Freres Co. LLC
Ernst & Young
Richards Layton & Finger

Pachulski Stang Ziehl Young & Jones
Shearman Sterling
Mesirow Consulting
FD Ashton
Epiq Bankruptcy Solutions
Price Waterhouse
Duff & Phelps

**Sumner Redstone and Related Parties**
Sumner Redstone
Shari Redstone
National Amusements, Inc.
Sumco, Inc.
CBS Corporation
Viacom Inc.
MTV Networks

**Current and Former Officers and Directors**

| | |
|---|---|
| Joseph A. Califano, Jr. | Mona J. Hamilton |
| Robert Waxman | Robert M. Hingsbergen |
| William Bartholomay | Carol Anne Hussey |
| Steven M. Allison | Miguel Iribarren |
| Debra Austin | M. Lee Jacobson |
| Harold H. Bach, Jr. | David Jaras |
| Scott Bayless | Charles Kenyon |
| Mark S. Beaumont | Rebecca Markovich |
| Charles S. Booth | Stephen A. Marrin |
| Matthew V. Booty | William E. McKenna |
| James R. Boyle | Norman J. Menell |
| Reilly Brennan | Eric Muellner |
| Peter C. Brown | Louis J. Nicastro |
| Daniel M. Calmeyn | Neil D. Nicastro |
| David Cox | David W. Nichols |
| Stephen B. Crane | Timothy Nygard |
| Kenneth D. Cron | Ryan G. O'Desky |
| Jonathan Dean | Alan Patmore |
| Patrick E. Delahanty | Thomas E. Powell |
| Jennifer L. Dressler | Harvey Reich |
| Jerry Karlin | Richard Sarhaddi |
| Kenneth J. Fedesna | Ira S. Sheinfeld |
| Eugene C. Freeman | Robert J. Steele |
| Nancy J. Fuller | Gerald O. Sweeney, Jr. |
| Deborah K. Fulton | Michael Weilbacher |
| Michael Gottlieb | Jay N. Whipple III |
| Rosemary T. Hackett | Richard D. White |
| Lyda Hagen | Brad Wildes |
| | David F. Zucker |

**U.S. Trustee Employees**

| | |
|---|---|
| David Buchbinder | Richard Schepacarter |
| Jane Leamy | Roberta DeAngelis |
| Joseph McMahon | William K. Harrington |
| Mark Kenney | David Klauder |

**US Judges**

| | |
|---|---|
| Kevin Gross | Christopher S. Sontchi |
| Peter J. Walsh | Brendan L. Shannon |
| Mary F. Walrath | Kevin J. Carey |

**Top 50 Creditors/Contract Parties/Other Creditors/Customers/Other Parties in Interest**

| | |
|---|---|
| NBA Properties, Inc | CHO Highwater Group |
| Tangible Media, Inc. | Meltwater News |
| Warner Bros. Interactive | Captare Consulting |
| Artificial Mind & Movement | Sungard Availability Services |
| Epic Games, Inc. | Vacation Discounts |
| Walmart | Tiger Hill Entertainment LLC |
| Far Sight Technologies, Inc | Nintendo of America |
| Best Buy Co. | Sony |
| Target Northern Operations | Microsoft |
| Technicolor Video Services | Ubisoft |
| Toys R Us | Panasonic |
| Ditan/Synergex Canada, Inc. | Sam's Club |
| CBS Outernet, Inc. | Shopko Stores, Inc. |
| Multi Packaging Solutions | Pamida |
| A.A.F.E.S. Headquarters | Amazon.com |
| Kmart Holding Corp. | Baker & Taylor, Inc. |
| Tigon Studios | D&H Distributing Company |
| Hollywood Entertainment2 | Fred Meyer Inc. |
| TNA Entertainment LLC | Gamexpert, Inc. |
| Professional Films, Inc. | Ingram Entertainment |
| Synergex - Latin America | Jack of All Games |
| Kynogen, Inc. | Mecca Electronic Industries |
| Pioneer/JB Marketing | Meijer, Inc. |
| Eclipse Advertising | Navarre Corporation |
| Gamestop | UHY Advisors Salt LLC |
| Sears Roebuck & Co. | Virtuos Holdings Ltd. |
| Mohawk | Payrolling com |
| Ingram Entertainment | Relq. Software Inc. |
| Entertainment Software Association | Volt Technical Resources LLC |
| Entertainment Software Ratings Board | Hudson Global Resources |
| Amazon.com | SDI Media Group |
| Phoenix Soft | Aquent |
| Coast to Coast Talent Group | American Express |
| Secret Identity, Inc. | New Media Strategies, Inc. |
| Blockbuster Distribution Corp. | Petrol Advertising |
| New Media Strategies, Inc. | Ceridian Corporation |
| Patzik, Frank and Samotzny Ltd. | The Information House, Inc. |
| Hastings | Bank of America |
| Premier Retail Networks Inc. | Verizon Conferencing |
| Tiger Hill Entertainment LLC | Premiere Global Services |
| Freeborn & Peters LLP | Comcast |

Zocalo Group LLC
Korn/Ferry International
Evolution Research LLC
Promotional Arts
The Clement Group
Williams Electronics Games, Inc.
WMS Industries
Shamp Enterprises
Crystal Pier Partners LP
Rreef Domain LP
DG Enterprises
Prologis Trust
Selig Holdings Company
Chubb Insurance
Willis of Illinois, Inc.
Blue Cross/Blue Shield of Illinois
Blue Cross and Blue Shield of Texas
Anthem Blue Cross and Blue Shield
Delta Dental
Vision Service Plan
Exec-U-Care
UNUM Group
Washington Department of Labor and Industries
Allied Benefit System, Inc.
New York Stock Exchange
Securities and Exchange Commission
Computer Patent Annuitie
The Croner Company Inc.
Monster Worldwide/TMP Worldwide
Creativeheads
Korn/Ferry International
Videologic LLC
Digital Artist Management
Mosaic Sales Solutions
Kelmscott Press, Inc.
Future US, Inc.
Blend
Chicago HD Corp.
Hugh Bowen and Associates, Inc.
CNET Networks, Inc.
NPD Group, Inc.
Kuju Entertainment Limited
Hijinks Studios LLC
Francis, Kevin
Blue Shift, Inc.

Access One, Inc
Skytel Inc.
Avaya
Canon Financial Services Inc
AT&T Mobility
Qwest
XO Communications Inc.
WCI Telecom
SBC
Time Warner
ACC Business
Thomson West
T-Mobile USA Inc.
San Diego Gas & Electric
Waste Management of El Cajon
Peoples Energy
Com Ed
City of Chicago
City of Austin
Southern California Edison
The Gas Co.
GI Industries
MCI
Earthlink
Chicago Department of Revenue
The Coca-Cola Company
CMP Game Media Group
Virginia Department of Taxation
Major League Baseball Players Association
Major League Baseball
Kirkland & Ellis LLP
Sidley Austin LLP
Katten Muchin
Barnes & Thornburg LLP
DLA Piper
Drinker Biddle Gardner Carton
Computer Patent Annuitie
Blend
Hugh Bowen and Associates, Inc
Blue Shift, Inc.
IGN Entertainment, Inc.
Kevin Francis
Cho Highwater Group
Rosenbaum Capital, LLC
The Seaport Group, LLC

# EXHIBIT B

## Parties-in-Interest Noted for Court Disclosure

<u>Relationships in Matters Related to These Proceedings</u>
FD Ashton (a subsidiary of FTI Consulting, Inc.) provided and continues to provide public relations advisory services on behalf of the Debtors as described herein, see paragraph 5 (i).

FTI Consulting, Inc. was retained by Milbank to provide prepetition financial advisory services to an ad-hoc committee of unsecured note holders as described herein, see paragraph 5 (ii).

<u>Relationships in Unrelated Matters</u>
American Express
AT&T Mobility
Bank of America
CBS Broadcasting
Ceridian Corporation
Chubb Group of Insurance
Citadel Equity Fund
City of Chicago -- Police Board
City of East Chicago
Coca Cola
Comcast Cable
DC Major League Baseball Stadium
DLA Piper
Duff & Phelps
Ernst & Young
GameStop Corporation
Highbridge Capital Management
Hollywood Entertainment
James J. Boyle & Company
Katten Muchin
Kirkland & Ellis
Korn Ferry International
Lazard Freres & Company, LLC
MCI Telecommunications
Microsoft
Milbank, Tweed, Hadley & Mccoy
Mohawk Industries
Monster Worldwide
MTV Networks
National Amusements
Navarre Corporation
New York Stock Exchange
Nintendo of America

Panasonic
Paul Hastings Janofsky & Walker
Peoples Energy Corporation
Polygon Investment Partners
Pricewaterhouse Coopers
Qwest Communications
Richards Layton Finger
San Diego Gas Electric
SBC Communications
SBC Paper
Sears Roebuck & Co.
Securities Exchange Commission
Shearman Sterling
Sidley Austin LLP
Sony Electronics
Southern California Edison
Sumco USA Corporation
Sumner Redstone
Tennebaum Capital Partners
Time Warner
T-Mobile USA
Toys R Us
Verizon
Viacom Inc.
Walmart
Wells Fargo
XO Communications