```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                          .  Chapter 11
                                .
MIDWAY GAMES INC., et al.,      .  Case No. 09-10465(KG)
                                .  (Jointly Administered)
                                .
                                .  March 27, 2009
                                .  11:00 a.m.
             Debtors.           .  (Wilmington)
                                .
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Michael D. DeBaecke, Esq. |
| | Blank Rome, LLP |
| For the Creditors Committee: | Marcos A. Ramos, Esq. |
| | Richards, Layton & Finger, P.A. |
| For the US Trustee: | David L. Buchbinder, Esq. |
| | Office of the United States Trustee |

VIA TELEPHONE:

| | |
|---|---|
| For Ernst & Young: | John A. Simon, Esq. |
| | Foley & Lardner, LLP |
| For the Creditors Committee: | David B. Zolkin, Esq. |
| | Milbank, Tweed, Hadley & McCloy, LLP |

Audio Operator:       Theresa Pullan

Transcriptionist:     Jennifer Ryan Enslen
                      43 Bay Boulevard
                      Newark, De 19702
                      (302)836-1905

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

1       THE CLERK: Please rise.

2       THE COURT: Good morning, everyone.  Please be
3  seated.  Thank you.  Mr. DeBaecke, good morning, sir.

4       MR. DeBAECKE: Good morning to you, Your Honor.
5  Thank you very much.  May it please the Court - -

6       THE COURT: It does.

7       MR. DeBAECKE:  - - Michael DeBaecke on behalf of
8  the Debtors, Midway Games Inc., *et al*.  And today is the
9  omnibus hearing scheduled for March 27th.

10      THE COURT: Yes.

11      MR. DeBAECKE: We have eight items on the agenda as
12 amended yesterday.  And as far as I understand it, there are
13 no contested matters today.

14      THE COURT: Not today.

15      MR. DeBAECKE: April 1st may be a different story
16 - -

17      THE COURT: That's correct.

18      MR. DeBAECKE:  - - but today is uncontested as far
19 as I understand it.  The first matter on the agenda is the
20 Debtors' motion to approve a key employee incentive plan.
21 That matter has been adjourned to the April 1st hearing.  And
22 it is currently anticipated that that will be a contested
23 hearing with evidence being presented.  That is also the day
24 scheduled for the contested hearing on cash collateral.

25      THE COURT: I think we have all day on the 1st.  So

1 let me, let me just double check that.  Yes.  It's just you.

2     MR. DeBAECKE: Okay.  Thank you, Your Honor.

3     THE COURT: So hopefully that will remain the same.

4 But we never know from day to day around here these days.

5     MR. DeBAECKE: We don't.  Today is a Friday, though.

6 So we do know that tomorrow is Saturday, which is a good

7 thing.

8     THE COURT: That's right.  That's for sure.

9     MR. DeBAECKE: The next two matters are not the

10 Debtors' matters, so I will cede the podium.

11     THE COURT: Yes.  Mr. Ramos, good morning.

12     MR. RAMOS: Good morning, Your Honor.  Marcos Ramos,

13 Richards, Layton & Finger on behalf of the Official Committee

14 of Unsecured Creditors.  Your Honor, items No. 2 and 3 on the

15 agenda respectively are the applications to employ Richards,

16 Layton & Finger and Milbank Tweed as counsel to the

17 Committee.

18     THE COURT: Yes.

19     MR. RAMOS: I understand that Your Honor entered

20 orders on both of those matters.

21     THE COURT: I did.

22     MR. RAMOS: And I believe they have hit the docket.

23     THE COURT: Yes.

24     MR. RAMOS: But I did want to rise to inform Your

25 Honor of one issue with respect to the application to employ

1  Richards, Layton & Finger, item no. 2.  Your Honor, in
2  preparing for the hearing I became aware that the, Exhibit B
3  to the application to employ Richards, Layton & Finger, which
4  was the affidavit of Mark Collins inadvertently was not
5  loaded onto the electronic docketing system.  And based on
6  the investigation that I conducted this morning, it's my
7  understanding that Richards, Layton & Finger actually served
8  the application.  It wasn't served by a third party vendor.
9  We did serve it.  And the original that we have in our file
10 includes the Collins affidavit.  And we believe, and this is
11 based on my discussion with the paralegal who filed and
12 served the matter, that we actually served out the
13 application with the Exhibit B just as a separately sort of
14 saved PDF file.  Exhibit B was inadvertently not loaded onto
15 the application on the electronic system.  Your Honor,
16 earlier this morning, we did file the Collins affidavit on
17 the electronic docket under a notice of filing.  And I have a
18 copy if I could approach, Your Honor?
19          THE COURT: Certainly, Mr. Ramos.  Was the version,
20 and I'll let you get back to the podium before you answer.
21 Was the version that was docketed either yesterday or today,
22 did it have the Exhibit B attached?
23          MR. RAMOS: The application to employ Richards,
24 Layton & Finger?
25          THE COURT: Yes.

1            MR. RAMOS: It, the version on the docket - -
2            THE COURT: On the docket.  I'm sorry.
3            MR. RAMOS: Yes.
4            THE COURT: But the order did not, of course, have
5    that exhibit.
6            MR. RAMOS: The order did not, Your Honor.
7            THE COURT: Because, and it wouldn't.
8            MR. RAMOS: Correct.  So we, as you have before you,
9    under the notice of filing, this is a copy of the, it
10   attaches a copy of Mr. Collins affidavit, which we believe
11   was served out with the original application to employ
12   Richards, Layton & Finger.  Your Honor, in light of the
13   sequence, I tried to contact Your Honor's chambers earlier
14   today before I realized that the order had hit the docket.
15   We are open to guidance from you with regards to this
16   circumstance.  As the order has already been signed, and it
17   is on the docket.  We're happy to, for example, we are
18   serving out the notice of filing of the Collins affidavit.
19           THE COURT: Sure.
20           MR. RAMOS: If Your Honor prefers, maybe we could
21   continue the application to the hearing on Tuesday.  If you
22   believe it's necessary.  We do think that the affidavit was
23   served out.
24           THE COURT: I'll, yes, I'll just ask Mr. Buchbinder
25   for his views before I say anything.

1          MR. BUCHBINDER: Your Honor, Dave Buchbinder on
2     behalf of the United States Trustee.  I am somewhat surprised
3     because I have most definitely seen the entire application
4     with the affidavit.
5          THE COURT: Yes.  I think that this is the kind of
6     glitch that really does not have any, there really is no
7     issue with it.  And I'm content that, I'm almost certain that
8     I saw the exhibit myself.  And just looking at it now, it
9     certainly would not in any way adversely affect my view that
10    the application was appropriate and should be approved.  And
11    so I'm going to just say that I think you've rectified any
12    glitch that may have occurred, and I'm satisfied to leave the
13    order as is.
14         MR. RAMOS: Thank you very much, Your Honor.
15         THE COURT: Thank you, Mr. Ramos.  Thank you for
16    bringing it to the Court's attention.
17         MR. RAMOS: No problem.  Thank you, Your Honor.
18         THE COURT: Mr. DeBaecke, I'm ready.
19         MR. DeBAECKE: Michael DeBaecke for the Debtors.
20    No. 4 on the agenda, Your Honor, is the Debtors' motion for
21    entry of an order authorizing the Debtors to honor certain
22    employee programs post-petition, and the payment of pre-
23    petition claims in connection with those programs.  That
24    motion was filed on February 20th.  At our last hearing on
25    March 10th, we had a hearing on a consensual basis as to parts

1  of that motion, and an order was entered on March 10th

2  regarding certain parts of that motion dealing with certain

3  payments under bonus programs that were due as of March or

4  April of this year relating to pre-petition amounts.  Today,

5  we have a further partial request for entry of an order.

6                THE COURT:  Yes.

7                MR. DeBAECKE:  And that is relating to the portion

8  of the motion dealing with the Debtors' relocation program.

9  And Your Honor has heard some of this at the first day

10 hearing.  And this portion of the relief requested by the

11 first day motion was continued.  Was not approved on the

12 first day.  And we asked for the relief relating to the

13 relocation program again in the motion that's before you

14 today.  We have had discussions with the Creditors Committee,

15 specifically, who raised some concerns about the motion as to

16 the relocation program.  And we have agreed with the

17 Creditors Committee on a form of order that has been handed

18 to Your Honor in folders.

19                THE COURT:  Yes.

20                MR. DeBAECKE:  And I have a clean and a black line

21 in that folder, as I do in the other folders.  But for this

22 particular one, there is a clean and black line.  And the

23 black line, although it looks like there's a lot of black

24 lining to it, that's because it black lined the original form

25 of order attached to the motion, which in large part is not

1  before you today.  And the key paragraph that we're talking

2  about for purposes of today, and as a result of discussions

3  with the Creditors Committee is paragraph 2 of that order.

4  Where we set forth what the agreement was as to what is, what

5  is agreed to in being asked to be entered by Your Honor

6  today.

7         THE COURT:  I appreciate, by the way, the submission

8  in the folders.  It makes it easier for all of us, I think.

9         MR. DeBAECKE:  I thought so.  I hope so.  Thank you.

10        THE COURT:  And does anyone wish to be heard?  No

11 one?  That's fine.  I mean, I certainly think, just looking

12 at the changes, and incorporating what we heard on the first

13 day, and largely, as I recall, we wanted to await the

14 formation of a Committee, and have the Committee have an

15 opportunity, as it has, to review the motion and the program.

16 And it certainly looks to the Court to be very appropriate

17 here, and necessary, I think, to, as it has been revised for

18 the, in the best interest of the Debtors' estate.  And I will

19 grant the motion and sign the order.

20        MR. DeBAECKE:  Thank you, Your Honor.

21        THE COURT:  Okay.

22        MR. DeBAECKE:  Okay, Your Honor.  Moving to no. 5

23 - -

24        THE COURT:  Yes.

25        MR. DeBAECKE:  - - on the agenda.  And that's the

1  Debtors' motion to extend the time to file schedules and

2  statement of financial affairs.  That motion was filed

3  initially requesting a extended date until April 30.  After

4  discussions with Mr. Buchbinder, the Debtors agreed to scale

5  back that request to April 15th.

6          THE COURT: Okay.

7          MR. DeBAECKE: And the order so now reflects that

8  April 15th date.  The Debtors have been working very hard to

9  get the schedules and SOFA's done.  They've been hampered a

10 bit by some manpower and resource issue with everything

11 that's been going on.  We recently agreed to have Huron help

12 us with a couple people.  And those guys, I know, because

13 I've talked to them, are working very hard to help get that

14 done, and April 15th, we believe, is a very realistic date at

15 this point.  We've gotten our arms around it much better than

16 even when we filed the motion.  So we were pleased to be able

17 to agree with the US Trustee's Office to scale it back to

18 April 15th.  And if for some reason we run into problems,

19 we'll obviously have to try and address it.  But for now, I

20 think April 15th is what we are, we are certainly shooting

21 for.  And certainly hope to comply with.  And I have every

22 indication that we will be able to comply with that.

23         THE COURT: All right.  Anyone else?  All right.

24 I'm going to grant the motion and sign the order.  Okay.  Got

25 it.

1  MR. DeBAECKE: Thank you.  No. 6 on the agenda is
2  the Debtors' application to employ Ernst & Young as the
3  independent auditor and accountant for the Debtors.  And I
4  believe we may have Mr. Simon on the phone, who is outside
5  counsel for Ernst & Young.
6            THE COURT: Mr. Simon, good morning.
7            MR. SIMON (Telephonic): Good morning.  I'm just
8  here in case the Court has any questions.
9            THE COURT: Well, thank you.  I appreciate your
10 being on the phone for us.
11           MR. SIMON (Telephonic): Thank you.
12           MR. DeBAECKE: And the, and I've worked with Mr.
13 Simon to make sure that the papers are in order.  And after
14 the application was filed, Mr. Buchbinder, on behalf of the
15 Office of the United States Trustee, raised a couple
16 comments.  And Mr. Simon and Ernst & Young were good enough
17 to work with Mr. Buchbinder and they did reach a resolution,
18 which is reflected in a slightly revised form of order.
19           THE COURT: Yes.
20           MR. DeBAECKE: And Mr. Buchbinder has agreed to that
21 form of order.  I should say that we filed the first
22 supplemental affidavit of Mr. Pillion (phonetic) from Ernst &
23 Young yesterday.
24           THE COURT: Yes.  I saw that.
25           MR. DeBAECKE: So I plugged that into the proposed

1 form of order this morning.

2 THE COURT: Good.

3 MR. DeBAECKE: And I reflected that in two places.
4 One, I added a Docket No. 187 to the caption, and I also
5 added the language, First supplemental Pillion affidavit in
6 the opening, first paragraph. And other than that, the order
7 has remained the same as what Mr. Buchbinder has seen and
8 approved. The change, Your Honor, if you would turn to the
9 black line, was, the principle change was really in the
10 second to final ordered paragraph where, in resolution of any
11 claims that there may be for preferential transfers, relating
12 to transfers set forth in Exhibit 5 to the Pillion affidavit,
13 Ernst & Young agreed that within 20 days after entry of the
14 order, they would reimburse the Debtors the sum of $40
15 thousand. So that paragraph was agreed to, and was plugged
16 into the proposed order.

17 THE COURT: Thank you, Mr. DeBaecke. Anyone? All
18 right. I am very content with the application, and I am
19 signing the order.

20 MR. SIMON (Telephonic): Thank you, Your Honor.

21 THE COURT: Thank you, Mr. Simon. Mr. Simon, you're
22 welcome to remain on the phone or if you have other business,
23 of course, to excuse yourself. Whichever you prefer.

24 MR. SIMON (Telephonic): I will jump off the call
25 now, then, Your Honor. Thank you very much. Bye, bye.

1             THE COURT: Thank you.  Good day, now.

2             MR. DeBAECKE: Okay.

3             THE COURT: Okay.  Signed.

4             MR. DeBAECKE: Thank you.  Next up, Your Honor, no.
5   7 on the agenda is the Debtors' application to employ Lazard,
6   Freres & Co., LLC as the Debtors' investment banker.

7             THE COURT: Yes.

8             MR. DeBAECKE: Lazard started working with the
9   Debtors pre-bankruptcy, has continued working post-
10  bankruptcy, and their employment agreement was filed pursuant
11  to application on February 20th.  There were comments received
12  from Mr. Buchbinder, and from the Creditors Committee, once
13  the Creditors Committee was formed.  Those comments were
14  discussed, negotiated, and a resolution was reached in
15  connection with, or by, I guess, an amended engagement
16  agreement with Lazard dated March 20th.  That was filed
17  yesterday.  It had been distributed to the major parties
18  before yesterday, but once we had final agreement with Mr.
19  Buchbinder on the proposed form of order, we ended up filing
20  the amended agreement yesterday.  That includes the
21  indemnification agreement as well.  There were just a couple
22  minor changes to the indemnification agreement.  The proposed
23  order has met with the approval of Mr. Buchbinder, and I
24  believe the Creditors Committee.  I'm trying to remember if I
25  received an email from the Creditors Committee approving it,

1  and I'm losing track of that, quite frankly, Your Honor.  But

2  I've heard no problem with the proposed order from the

3  Creditors Committee.  I guess I can say that.  If Your Honor

4  is inclined, just to go through real quickly the changes to

5  the proposed order.  The, there was certain language added,

6  mostly at Mr. Buchbinder's suggestion, to certain of the

7  paragraphs clarifying that notwithstanding anything contained

8  in the engagement agreement, certain terms of the order would

9  control.  And the, most of those comments that you see in the

10  proposed order, including the comments in paragraph 3, 4, 7,

11  and 10, were as a result of discussions with Mr. Buchbinder.

12  Most of the Creditors Committee comments and changes made as

13  a result of discussions with the Creditors Committee were

14  reflected in the actual amended engagement agreement itself.

15            THE COURT: Sure.

16            MR. DeBAECKE: And we have attached the amended

17  engagement agreement to the proposed order, so that everybody

18  understands what we're talking about.

19            THE COURT: All right.  Thank you.  Mr. Ramos.

20            MR. RAMOS: Thank you, Your Honor.  Counsel's

21  discussion I believe is accurate.  But we do have our co-

22  counsel on the phone.  Mr. David Zolkin of Milbank.

23            THE COURT: Yes.

24            MR. RAMOS: And I rise only to give him the

25  opportunity to chime in on this matter if he chooses to do

1  so.

2           THE COURT: Good morning.

3           MR. ZOLKIN (Telephonic): Good morning, Your Honor.

4  David Zolkin.  We have no objection to the order.

5           THE COURT: All right.  And I am content with the

6  changes in the order as presented, and I will sign the order.

7  I never noticed, in paragraph 10, I never noticed before,

8  This Court shall retain exclusive jurisdiction.

9           MR. DeBAECKE: Mr. Buchbinder's a stickler, Your

10 Honor, and we plugged that in at his suggestion.

11          THE COURT: Okay.

12          MR. DeBAECKE: We certainly didn't think otherwise,

13 but we made it express.

14          THE COURT: And I think it makes a lot of sense.

15 You know, for the benefit of the estate - -

16          MR. DeBAECKE: I agree.

17          THE COURT:  - - that we not have the potential of

18 litigation, you know, elsewhere.

19          MR. DeBAECKE: Yes.

20          THE COURT: All right.  I've signed that order.

21          MR. DeBAECKE: Thank you.  The final matter on the

22 agenda, Your Honor, is the Debtors' motion for an order

23 approving certain procedures for the sale, transfer, or

24 abandonment of *de minimis* assets as that term was defined in

25 the motion.  We've had discussions with Mr. Buchbinder based

1  upon his initial comments.  The proposed form of order was
2  revised to address those comments, and Mr. Buchbinder has
3  consented to the form of order that Your Honor has before
4  you.
5         THE COURT: Okay.
6         MR. DeBAECKE: If I could just go through some of
7  the changes made, quickly.  Under the motion, there are two
8  categories of sales that are included.  And it's a pretty,
9  I'd say the motion is pretty standard.  The terms of each
10 motion may vary depending upon the case.
11        THE COURT: Yes.
12        MR. DeBAECKE: But I think the - -
13        THE COURT: And that's right, the - -
14        MR. DeBAECKE:  - - structure - -
15        THE COURT: The types of, and the types of equipment
16 or assets that may be sold under the procedure.  Of course.
17        MR. DeBAECKE: Exactly.  And what we're talking
18 about in this particular case was set forth in the motion.
19 But we're really talking about generally things like
20 furniture, computers, video equipment that's no longer
21 necessary.  For instance, I'll give you a specific example.
22 And this relates to a motion that was filed, an application,
23 actually, that was filed, that relates to the Austin studio.
24 That application is scheduled for April 1st.  That's the
25 application to retain a real estate broker.  The Debtors have

1    closed, essentially, the Austin, Texas studio that they had.
2    They have basically moved out from there the property that
3    they wish to continue using in other places.  The stuff that
4    they still have there is probably stuff that they don't
5    really want at this point, and they'd like to be able to get
6    rid of.  With, for some money.  We don't know exactly what
7    the value of that will be, but we think that it would qualify
8    under this particular motion, and the term, *de minimis*
9    assets.  And the motion itself, and the order sort of
10   reflects the two categories, deals with sales of assets under
11   $50 thousand, and then at Mr. Buchbinder's request, we
12   dropped down the second category maximum amount from 200
13   thousand to 150 thousand.  And that category of assets
14   requires a bit more notice than the first category.  That's
15   principally the distinction.  We certainly will get the
16   consent of the lender for both types of sales.  We will
17   consult with the Committee, as we will with mostly just about
18   everything that we're doing anyway.  And we think with the
19   revisions that Mr. Buchbinder has requested, and that we have
20   made, we certainly think that the order should not be
21   controversial.  The changes principally relate to things that
22   we would put in the quarterly report, as that item is defined
23   in the order.  And that's the report that we'll give on
24   account, on a quarterly basis as to any sales that occur
25   pursuant to this order.  I don't have a sense that there's

1  going to be multiple sales in terms of a dozen or something
2  like that.  But there could be a few, depending upon how the
3  case progresses.  So we will do a quarterly report should we
4  have sales that occur pursuant to this order.  We've
5  increased the notice parties as to who would receive notice
6  of the second category of sale.  Again, changed in that
7  second category of sale the language dealing with what would
8  be in the quarterly report, which is something very similar
9  to what Bankruptcy Rule 6004(f)(1) talks about in terms of an
10 itemized statement of assets sold by, I think it's an
11 auctioneer.  Mr. Buchbinder is that - - I think it's an
12 auctioneer.  But whatever 6004(f)(1) talks about in terms of
13 sales and itemized statements.  That's the concept that we're
14 building in here to this order.  On the abandonment portion
15 of the relief requested by the order, we have changed the
16 notice period from 5 business days to 10 calendar days in
17 terms of a requested abandonment without further order of the
18 Court.  So we're going to give parties 10 calendar days
19 notice of that to see if there's any objections.  I think
20 that's really all that that I would need to go over for Your
21 Honor.  If Your Honor has any questions, I'm certainly
22 pleased to answer them.
23         THE COURT:  I do not have any questions.  And I
24 certainly respect and understand the Office of the United
25 States Trustee's issues, and the changes.  And I note in

1  particular the addition of language providing that the sales

2  will not be to insiders, which I know is common in these

3  orders.  And with that, I think that it will help for an

4  orderly process in the sale of *de minimis* assets, and I am

5  pleased to grant the motion and enter the order.

6          MR. DeBAECKE:  Thank you, Your Honor.

7          THE COURT:  And being that it's Austin, Texas, if

8  there are any of those little stuffed armadillos around, I'm

9  sure they'll bring a pretty piece.  All right.  I have signed

10 this order as well.

11         MR. DeBAECKE:  Okay.  Thank you, Your Honor.  I have

12 nothing further for the Debtors at this time.

13         THE COURT:  Does anyone else?  All right, counsel.

14 Well, I will see you back here on April the 1st, I think.

15         MR. DeBAECKE:  I plan to be here, Your Honor.

16         THE COURT:  It will be a busy day, I'm sure.

17         MR. DeBAECKE:  Yes.

18         THE COURT:  If you need me in the meantime with

19 respect to that hearing, please don't hesitate to reach out,

20 and we'll certainly hear from you.  And in the meantime,

21 we'll stand in recess.  And thank you all, and a good weekend

22 to all of you.

23         MR. DeBAECKE:  You too.

24         UNIDENTIFIED SPEAKER (Telephone):  Thank you, Your

25 Honor.

1    (Whereupon at 11:25 a.m. the hearing in this matter was
2    concluded for this date.)

18    I, Jennifer Ryan Enslen, approved transcriber for
19   the United States Courts, certify that the foregoing is a
20   correct transcript from the electronic sound recording of the
21   proceedings in the above entitled matter.

23    _/s/Jennifer Ryan Enslen_                    __April 3, 2009__
     Jennifer Ryan Enslen
24   43 Bay Boulevard
     Newark, DE 19702
25   (302)836-1905