# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MIDWAY GAMES INC., *et al.*, | : | Case No. 09-10465 (KG) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | | **Re: Dkt. Nos. 63, 213, and 253** |

## ORDER APPROVING
## KEY EMPLOYEE INCENTIVE PLAN

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for Entry of an Order Approving a Key Employee Incentive Plan (the "Motion")[2]; the Court having reviewed the Motion and the objections filed by the Official Committee of Unsecured Creditors (the "Committee Objection") and the Office of the United States Trustee (the "OUST Objection') in response thereto; and the Court having heard the statements of counsel, the resolution reached with respect to the Committee Objection, and the evidence submitted at a hearing held before the Court on April 6, 2009 with respect to the Motion (the "Hearing"); the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion and the Hearing was sufficient under the circumstances; (v) the Debtors have articulated a sound

---

[1] The Debtors are: Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

business purpose for the approval and implementation of the Incentive Plan and have sought such approval in their sound business judgment; and (vi) approval of the Incentive Plan would not violate sections 503(c)(1), 503(c)(2) or 503(c)(3) of the Bankruptcy Code, is justified under the facts and circumstances of these cases, is designed to encourage and motivate the Eligible Employees to perform above and beyond the levels required by their normal duties, and is in the best interests of the Debtors, their creditors, their estates and other parties in interest; and after due deliberation the Court having determined that good and sufficient cause has been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein. All objections not otherwise resolved in connection with the Motion, including the OUST Objection, are hereby overruled.

2. The Incentive Plan, as amended at Docket. No. 213 and further modified at Docket No. 253 (a copy of the Incentive Plan is attached hereto as Exhibit "A"), is hereby approved pursuant to sections 105, 363(b) and 503(c)(3) of the Bankruptcy Code, and the Debtors are hereby authorized to pay any amounts payable to Eligible Employees under the Incentive Plan as and when due under Milestone 1 and Milestone 2, without any further notice or court order; provided however, that the Debtors shall deliver to the Office of the United States Trustee (Attn: David Buchbinder, Esquire) and to the respective advisors to Acquisition Holdings Subsidiary I LLC and to the Official Committee of Unsecured Creditors appointed in these cases, a detailed list of all amounts to be paid under the Incentive Plan to Eligible Employees at least two business days in advance of the dates on which such payments are actually to be made.

3. The Debtors are authorized and directed to take any and all actions that are necessary or appropriate in the exercise of their business judgment to implement the Incentive Plan and this Order.

4. Amounts due under the Incentive Plan shall constitute administrative expenses of the estates pursuant to Bankruptcy Code section 503(b).

5. Entry of this Order is without prejudice to the right of the Debtors and their estates to apply to the Court for authority to make additional payments or consideration to any employee, whether subject to section 503(c) of the Bankruptcy Code or otherwise. All parties in interest reserve all rights to object to any such request. Moreover, nothing herein shall be construed as an assumption of any executory contract.

6. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, creditors and interest holders and their respective affiliates, successors and assigns, including in the event of any dismissal or conversion of these cases or the appointment of a chapter 11 or chapter 7 trustee.

7. This Order shall be effective and enforceable immediately upon entry.

8. This Court retains jurisdiction over any and all matters or disputes with respect to the implementation or interpretation of this Order.

Dated: April 22, 2009
Wilmington, Delaware

The Honorable Kevin Gross

499287.01600/40178840v.2