UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                            .        Chapter 11
                                  .
Midway Games, Inc., et al.,       .
                                  .
         Debtor(s).               .        Bankruptcy #09-10465 (KG)
...........................................................

Wilmington, DE
May 21, 2009
11:00 a.m.

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For The Debtor(s):            Michael DeBaecke, Esq.
                              Blank Rome, LLP
                              1201 N. Market St.-Ste. 800
                              Wilmington, DE 19801


For The Official Committee:   Christopher Samis, Esq.
of Unsecured Creditors        Richards Layton & Finger, PA
                              One Rodney Square
                              Wilmington, DE 19801


For Acquisitions Holdings:    Tim Cairns, Esq.
                              Pachulski Stang Ziehl
                              & Jones, LLP
                              919 N. Market St., 17th Fl.
                              Wilmington, DE 19899


For the U.S. Trustee:         David L. Buchbinder, Esq.
                              Office of the United States
                              Trustee
                              844 King St. Ste. 2207
                              Lockbox 35
                              Wilmington, DE 19801

(Via telephone)

For National Amusement, Inc.: Curt E. Goldman, Esq.
                              Shearman & Sterling
                              599 Lexington Ave.
                              New York, NY 10022

Audio Operator:               Jennifer Pasierb

Transcribing Firm:            Writer's Cramp, Inc.
                              6 Norton Rd.
                              Monmouth Jct., NJ 08852
                              732-329-0191


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1          THE CLERK:  Please rise.

2          THE COURT:  Good morning everyone.  Thank you and

3    please be seated.

4          MR. DEBAECKE:  Good morning, Your Honor.

5          THE COURT:  Mr. DeBaecke, good morning.

6          MR. DEBAECKE:  Good morning.  May it please the Court,

7    Michael DeBaecke on behalf of the Midway Games Debtors.

8          THE COURT:  Yes.

9          MR. DEBAECKE:  Today is the day scheduled for our May

10   Omnibus Hearing.  The agenda was very brief.  Your Honor has, I

11   am informed, signed orders on the first two matters.

12         THE COURT:  Yes I did.

13         MR. DEBAECKE:  And that leaves us with matter #3,

14   which is the Debtor's Motion to Establish Bar Date in the case;

15   actually, more than one bar date but including a general bar

16   date.  The motion did not receive any formal objections.  It's

17   a very standard motion, Your Honor will be familiar with.

18         THE COURT:  Yes.

19         MR. DEBAECKE:  We did receive comments from Mr.

20   Buchbinder, and we have addressed those comments successfully

21   with a revised proposed order, which I can approach and hand up

22   with your permission.

23         THE COURT:  Yes, sir.  Please do.

24      (The Court receives document)

25         MR. DEBAECKE:  And Your Honor, I've handed you a clean

1   and blackline copy showing changes made, and the only changes

2   were really on page 4 of the order, where we've made some

3   changes regarding Creditors whose claims are either listed as

4   disputed, contingent, or unliquidated in the schedules, or not

5   scheduled at all, and what the resulting treatment of those

6   claims might be if they don't file Proofs of Claim, if they do

7   file Proofs of Claim.  And there are actually two paragraphs in

8   the original proposed order.  We've kind of collapsed them into

9   one, based upon Mr. Buchbinder's comments.  And it's little bit

10  convoluted with the language.  If I might be quiet, Your Honor

11  can take a look at it.

12        THE COURT:  Okay, I see.  Now, I see the -- I'm

13  looking at page 4 and the changes are acceptable to me.

14        MR. DEBAECKE:  Yes, thank you, Your Honor.  And I

15  think it tracks more closely now the language of Bankruptcy

16  Rule 3003(c) --

17        THE COURT:  Exactly.

18        MR. DEBAECKE:  -- and Mr. Buchbinder's comments were

19  helpful in that regard.

20        THE COURT:  They certainly were.  Thank you, Mr.

21  Buchbinder.

22        MR. BUCHBINDER:  You're welcome, Your Honor.

23        MR. DEBAECKE:  We have -- there were also changes that

24  were corresponding changes that should be made to the bar date

25  notice.

1        THE COURT:  Right.

2        MR. DEBAECKE:  And even though this Bar Date Order is

3   approving the bar date notice, the bar date notice is actually

4   not an attachment to the order.  I have made the changes to the

5   bar date notice to make it consistent with this, and I've

6   gotten an additional change from Mr. Buchbinder and will make

7   that additional change to the bar date notice so that he is

8   satisfied with the way that it looks before it goes out.  It

9   doesn't have to out technically until June 5th; I'm sure it'll

10  go out before that if we get an order today.  But I will make

11  those changes.  I have a blackline copy of the bar date notice,

12  if Your Honor is interested.

13       THE COURT:  I would be.  Yes, thank you, Mr. DeBaecke.

14  And the order does state that in substantially the form of the

15  notice, and I think that we have probably met that language.

16       MR. DEBAECKE:  That's correct, Your Honor.  There were

17  very few changes, and if I might approach, I can hand you a

18  blackline of the bar date notice.

19       THE COURT:  That would be fine.  Thank you, Mr.

20  DeBaecke.

21    (The Court receives document)

22       THE COURT:  Thank you.  Mr. Buchbinder, good morning.

23       MR. BUCHBINDER:  Good morning, Your Honor.  Dave

24  Buchbinder.  I have one remaining comment that I wanted to

25  spell out, and I had discussed it in the notice with Mr.

1  DeBaecke immediately prior to the hearing, and I also spotted

2  it in the revised proposed order.

3          THE COURT:  Okay.

4          MR. BUCHBINDER:  It's exactly two words.  If you're

5  ready for me --

6          THE COURT:  I am --

7          MR. BUCHBINDER:  -- to proceed.

8          THE COURT:  -- ready for you, Mr. Buchbinder.  Thank

9  you.

10          MR. BUCHBINDER:  If you turn to page 4 of the

11  blackline order.

12          THE COURT:  Yes, of the blackline, yes.

13          MR. BUCHBINDER:  Yeah, that's what I'm holding in my

14  hand --

15          THE COURT:  Okay.

16          MR. BUCHBINDER:  -- so I can be consistent.

17          THE COURT:  Right.

18          MR. BUCHBINDER:  And the paragraph that's been

19  modified, I'm going to read the first two lines.  As proposed,

20  it says, "Ordered that entity whose pre-petition claim is not

21  listed or is scheduled as disputed, contingent, or

22  unliquidated."  The notice at -- the revised notice at page 2

23  also says, in the revised paragraph, "Any entity whose pre-

24  petition claim is not scheduled or is scheduled as disputed,

25  contingent, or unliquidated."  The concern that I expressed to

1   Mr. DeBaecke is that the two words, "not scheduled," or in the

2   order, "not listed," should be deleted because an unlisted

3   creditor isn't discharged, and an unlisted creditor is not

4   subject to a bar date.  Certainly they can file a Proof of

5   Claim that may be timely, it may be late, and the Debtor or a

6   Trustee or any party-in-interest who has the right to do so can

7   object to that claim as a late-filed claim, and that creditor

8   would have a right to say, "I wasn't listed."  And the Debtor,

9   as the opposing party, would also have the right to say how

10  they had actual knowledge of the notice.  But to slip it in the

11  order, that makes it, in effect, constructive notice, I think

12  takes away the rights of a creditor who may be unlisted.  And

13  with the deletion of those two words in those two places, these

14  orders are otherwise fine.

15          THE COURT:  Mr. DeBaecke?

16          MR. DEBAECKE:  If we might go back to the Bar Date

17  Order, Your Honor?

18          THE COURT:  Yes.

19          MR. DEBAECKE:  It might a little easier --

20          THE COURT:  The blackline are you're using, or the now

21  the final version?

22          MR. DEBAECKE:  The blackline is fine.

23          THE COURT:  Okay.

24          MR. DEBAECKE:  It may actually be little easier to see

25  on the clean, but on that issue, I actually -- I agree with Mr.

1   Buchbinder on the notice issue, which I think is a different

2   issue than what the words actually should say in the order,

3   quite frankly, because I think if somebody who doesn't get

4   notice of it can argue that they're not bound by an order.  If

5   you do get notice of it, then you should be bound by the order,

6   I think.  But I'm not arguing strenuously one way or the other,

7   I just will note for the Court and for Mr. Buchbinder that this

8   language, which I changed at his request, actually tracks

9   Bankruptcy Rule 3003(c)(2), which talks about any creditor or

10  equity security holder whose claim or interest is not scheduled

11  or scheduled as disputed, contingent, or unliquidated shall

12  file a Proof of Claim or interest within the time prescribed by

13  sub-division (c)(3) of this rule.  Any creditor who fails to do

14  so shall not be treated as a creditor with respect to such

15  claim for the purposes of voting and distribution.  I think

16  that's an accurate statement, quite frankly.  But it also, I

17  think, probably assumes that the creditor got notice of the bar

18  date.  And if they don't get notice, then they probably aren't

19  bound by the bar date.  But I think it's two different issues,

20  quite frankly.  But I'm fine with whatever Your Honor rules on

21  the issue.  It's not that big a deal for me, one way or the

22  other.

23          MR. BUCHBINDER:  And I would add, Your Honor, that I

24  will also defer to the Court's discretion.

25          THE COURT:  All right.  I certainly understand Mr.

1  Buchbinder's concern, but I think, from a judicial standpoint,

2  I always feel more comfortable relying upon the Bankruptcy

3  Rules or the Code, whichever is the case.  And it clearly does

4  state, in the rule, the language as submitted.  So I think I'm

5  going to leave it as is and enter it with the "not scheduled"

6  language in the order, in that paragraph.  I think the rule is

7  a safeguard, and as the parties have indicated, an unscheduled

8  creditor who hasn't gotten notice has whatever rights he or she

9  or it may have so --

10        MR. DEBAECKE:  I think that's right, Your Honor.  And

11  they certainly can come in and argue they didn't get notice,

12  which I think is a fair argument.

13        THE COURT:  Yes.  And I think I'll bring this to the

14  attention of my colleagues though, just to get their views on

15  it as well, but also to bring it to their attention.  So with

16  that, I think that I am prepared to sign the order.

17        MR. DEBAECKE:  Okay, thank you very much, Your Honor.

18        THE COURT:  I certainly know it's necessary, and I'm

19  pleased that it's been brought before the Court in an

20  expeditious manner.

21        MR. DEBAECKE:  Thank you, Your Honor.  A Housekeeping

22  matter, with a capital H --

23        THE COURT:  Yes.

24        MR. DEBAECKE:  -- we have today, this morning, filed a

25  Motion to Sell all or substantially all of the Debtor's assets.

1   It was filed around 10:15 this morning.  I have given Ms.

2   Sherry a package for Your Honor --

3           THE COURT:  Okay.

4           MR. DEBAECKE:  -- which contains a Motion to Shorten

5   with respect to a request for a Bid Procedures Hearing on that

6   Sale Motion.  And that -- the Debtors are pleased that we've

7   been able to finally come to terms with a proposed stalking

8   horse purchaser for those assets, and that would be an

9   affiliate of Warner Brothers.

10          THE COURT:  Okay.

11          MR. DEBAECKE:  And the APA has executed, has been

12  attached to the sale papers, as well as the proposed Bid

13  Procedures Order and a proposed Sale Order and various notices

14  that Your Honor is used to seeing in the Sale Motion context.

15  So we are pleased to report that we've at least gotten to the

16  next stage of these cases, which is to get the Sale Motion on

17  file, and then we'll see where we go.

18          THE COURT:  Okay, and will anyone be objecting to the

19  shortening of time on this motion, the Committee or the Office

20  of the United States Trustee?  I don't know if Mr. Buchbinder

21  has even seen the papers as yet.

22          MR. BUCHBINDER:  I have only seen a proposed order,

23  Your Honor, proposed order approving bid procedures, I haven't

24  seen the rest of the motion.

25          THE COURT:  All right.

1    MR. BUCHBINDER:  I would be remiss if I said yes or no

2    one way or the other right now.

3         THE COURT:  Okay.

4    MR. DEBAECKE:  And I --

5         THE COURT:  What date were you looking for, Mr.

6    DeBaecke?

7    MR. DEBAECKE:  The proposed date that we received from

8    Chambers a day or two ago was June 2nd as the bid procedures

9    hearing date.  We are serving the papers today by email and/or

10   overnight on the major parties, plus the 2002 service list.

11   The Creditors Committee and the lender have been very involved

12   in the entire sale process and negotiating documents back and

13   forth.  They are certainly supportive of the Motion to Shorten

14   in terms of setting the bid procedures hearing for June 2nd.

15   Mr. Buchbinder obviously has his rights to review the papers.

16   He did receive a draft of the Bid Procedures Order last

17   Thursday --

18        THE COURT:  Okay.

19   MR. DEBAECKE:  -- so I've tried to keep him apprised

20   of the situation.  And we're hopeful to get -- if we can't get

21   June 2nd as the Bid Procedures Hearing, I guess we would ask as

22   soon as possible after that if --

23        THE COURT:  Understood.

24   MR. DEBAECKE:  -- Your Honor has time.

25        THE COURT:  Okay.  I appreciate that.  I will review

1    the papers.  Mr. Buchbinder, do you want any time, additional

2    time, to consider whether or not to -- you would be opposing

3    the Motion to Shorten Time?

4         MR. BUCHBINDER:  Your Honor, based upon having

5    reviewed a proposed order and having heard counsel's

6    presentation just now, I would be -- I don't believe so.

7         THE COURT:  Okay.

8         MR. BUCHBINDER:  I'm not going to say yes or no to

9    opposing it, but I would not need any additional time beyond

10   whatever customary period of time the Court wants to wait.

11        THE COURT:  All right, thank you, Mr. Buchbinder.  I

12   appreciate that.  All right, well, thank you for that

13   information.  I will go back and look at those papers

14   immediately.

15        MR. DEBAECKE:  Thank you, Your Honor.

16        THE COURT:  And with that, we'll stand in recess, and

17   I wish everyone an excellent and safe holiday weekend.

18        MR. DEBAECKE:  You too.

19        THE COURT:  Have a good day everyone.

20        MR. DEBAECKE:  Thank you.

21     (Court adjourned)

22

23

24

25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Lewis Parham*                    6/1/09

_____        _____
**Signature of Transcriber**              Date