IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re : Chapter 11
:
MIDWAY GAMES INC., *et al.*, : Case No. 09-10465 (KG)
: (Jointly Administered)
Debtors.[1] : **Re: Dkt. No. 357**

---

**ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002,
6004, 6006 AND 9014 (A) APPROVING (i) BIDDING PROCEDURES, (ii) BIDDING
INCENTIVES FOR THE STALKING HORSE BIDDER AND (iii) AUCTION
PROCEDURES; (B) APPROVING NOTICE PROCEDURES FOR (i) THE
SOLICITATION OF BIDS, (ii) AN AUCTION AND (iii) THE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C)
SCHEDULING HEARING ON APPROVAL OF A SALE OR SALES OF ALL OR
SUBSTANTIALLY ALL OF DEBTORS' ASSETS; AND
<u>(D) GRANTING RELATED RELIEF [DKT. NO. 357]</u>**

Upon the Motion (the "Motion")[2] of the above-captioned Debtors and Debtors In Possession (the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, *inter alia*, (i) approving bidding procedures and related bidding incentives; (ii) approving the form and manner of notice of the sale(s) of all or substantially all of the Debtors' assets; (iii) approving the form and manner of notice of the proposed assumption and assignment, including cure amounts, of certain

---

[1] The Debtors are: Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement, as applicable.

900200.00001/40178695v.8

executory contracts and unexpired leases; (iv) establishing a date for an auction; (v) establishing a date for a sale hearing; and (vi) granting related relief [Dkt. No. 357]; and the Court having found that this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O); and no other or further notice hereof being necessary or required; and the Court having found that the Debtors have articulated good and sufficient reasons in support of the relief requested in the Sale Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures and Bidding Incentives and (ii) approval and authorization to serve the Notice of Auction and Sale Hearing and the Cure Amount Notice (each as defined below); and it appearing to the Court that based upon the representations contained in the Motion, the issuance of this Order is in the best interest of the Debtors, their estates and creditors, and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 cases.

2. The Bidding Procedures, attached hereto as Exhibit 1, are hereby authorized, approved and made part of this Order as if fully set forth herein. The Debtors are authorized to conduct a sale by auction (the "Auction") of all of the Debtors' assets (the "Assets"), including without limitation the assets (hereafter, the "Purchased Assets") subject to the Purchase Agreement (as defined below), pursuant to the Bidding Procedures and the terms of this Order.

3. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as they pertain to the relief granted by entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

4. In the event that, as a result of an Auction, all or substantially all of the Purchased Assets are sold to a party other than WBEI (as defined below) or one of its affiliates by reason of a Qualified Bid(s), or if the executed Asset Purchase Agreement dated as of May 20, 2009 (collectively with all exhibits thereto, the "Purchase Agreement") by and between certain of the Debtors signatory thereto as sellers ("Sellers")[3] and Warner Bros. Entertainment Inc. ("WBEI") as purchaser, is terminated by WBEI pursuant to Section 4.4(e) of the Purchase Agreement, WBEI shall have a joint and several administrative priority expense claim under 11 U.S.C. § 503 in each of Sellers' Bankruptcy Cases for payment, without duplication, of (i) a break-up fee in an amount equal to $1,000,000 (the "Break-Up Fee"), (ii) as reimbursement, all actual, necessary, reasonable and documented out-of-pocket expenses of WBEI; provided however, that such expense reimbursement shall not exceed $100,000 (the "Expense Reimbursement"), and (iii) the return to WBEI of the Deposit previously paid by WBEI in accordance with Section 3.3 of the Purchase Agreement. For the avoidance of doubt, WBEI shall only be entitled to payment from Sellers collectively in the amounts set forth in the preceding sentence and shall not be entitled to multiple payments of the full amount from each Seller. The Break-Up Fee and Expense Reimbursement shall be payable by Sellers to WBEI on the earlier of (y) the closing of the Alternative Transaction and (z) the effective date of a

---

[3] The Sellers are: Midway Games Inc., Midway Amusement Games, LLC, Midway Home Entertainment Inc., Surreal Software Inc., Midway Games West Inc., Midway Studios-Los Angeles Inc. and Midway Studios-Austin Inc.

confirmed plan of reorganization for any of the Sellers, in accordance with Section 7.2(a) of the Purchase Agreement.

5. The Court finds that the Break-Up Fee and Expense Reimbursement are fair and reasonable, were negotiated by the parties in good faith and at arms length, and are: (a) actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of 11 U.S.C. § 503(b); (b) commensurate to the real and substantial benefit that WBEI as stalking horse bidder in the Auction has conferred upon the Debtors' estates; (c) reasonable and appropriate, in light of the size and nature of the proposed sale and comparable transactions, the commitments that have been made, and the efforts that WBEI has made and will continue to make; (d) necessary to induce WBEI to continue to pursue the Sale and be bound by the Purchase Agreement; and (e) necessary costs of the Sale and a sound and appropriate exercise of the Debtors' business judgment. The Break-Up Fee and Expense Reimbursement have induced WBEI to submit a bid that will serve as a minimum bid upon which the Debtors, their creditors, and other bidders can rely. WBEI has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the Assets will be received. Accordingly, the attached Bidding Procedures and Bidding Incentives are reasonable and appropriate and consistent with maximizing value for the benefit of the Debtors' estates.

6. The Debtors are authorized and empowered to take such steps, expend such sums of money, and do such other things as may be reasonable or necessary to implement and effect the terms of this Order and the Bidding Procedures. The Debtors are authorized but not directed to publish notice of the proposed Sale and Auction in any newspaper or other news media, in furtherance of the marketing and sale of the Assets.

4

900200.00001/40178695v.8

7. The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

8. Subject to the final determination of this Court, the Debtors are authorized, in consultation with Acquisition Holdings Subsidiary I LLC, in its capacity as asserted secured lender (the "Lender") and the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and in accordance with the Bidding Procedures, to (a) determine which of the Initial Bids submitted prior to the Auction and the bids made at the Auction constitute the highest or otherwise best offer(s) at each stage of these procedures, and (b) properly reject any and all Initial Bids or bids at the Auction that are (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, or the terms and conditions of the Sale, or the terms of this Order and the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their estates and creditors.

9. As further described in the Bidding Procedures, in the event that the Debtors receive one or more Qualifying Bids, the Debtors shall conduct the Auction on **June 29, 2009 at 10:00 a.m. (EDT)** (the "Auction Date") at the offices of Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 or 1201 N. Market Street, Suite 800, Wilmington, DE 19801, or at such other time and place as the Debtors determine in the exercise of their reasonable discretion, upon notice to interested parties. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale. The Auction shall be conducted openly and any creditor shall be permitted to attend, so long as such creditor provides written notice of its plan to attend to counsel for the Debtors at least two business days prior to the Auction so that appropriate arrangements can be made. The bidding at any Auction will be transcribed by a court reporter.

5

900200.00001/40178695v.8

10. On **July 1, 2009 at 1:00 p.m. (EDT)** or as soon thereafter as counsel may be heard, the Sale Hearing will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, DE 19801, to consider the issuance and entry of an order, *inter alia*, approving the sale(s) of all or substantially all of the Assets free and clear of all liens, claims, encumbrances, and interests (collectively, the "Liens"), with the same to attach to the sale proceeds in the same order of priority, and to the same extent as such Liens were valid, perfected and enforceable prior to such sale. The Debtors may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda announcing the adjournment.

11. The notices, in substantially the same form as annexed to the Motion as Exhibits C and D, are sufficient to provide effective notice to all interested parties of the entry of this Order, the Bidding Procedures, the Auction, the Sale and the proposed assumption and assignment of executory contracts and unexpired leases pursuant to Bankruptcy Rules 2002(a)(2), 6004, 6006, and 9014, and are hereby approved.

12. Within three (3) business days after entry of this Order (the "Mailing Date"), the Debtors will send notice of the Bidding Procedures Order, the Bidding Procedures, the Purchase Agreement, the time and place of the Auction, if held, the Sale Hearing, and the relevant objection deadlines by sending the Notice of Auction and Sale Hearing to (i) taxing authorities or recording offices which have a reasonably known interest in the relief requested, (ii) the Office of the United States Trustee for Region 3 (the "OUST"), (iii) counsel to the Creditors' Committee, (iv) counsel to WBEI, (v) counsel to the Lender, (vi) federal, state, and local regulatory authorities with jurisdiction over the Debtors, (vii) insurers, (viii) known non-

900200.00001/40178695v.8

Debtor parties to executory contracts or unexpired leases, (ix) parties who have executed confidentiality agreements with respect to the Assets or parties known to have expressed an interest in the Assets, (x) known creditors, and (xi) all other parties known to have requested notices pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

13. On or before the Mailing Date, the Debtors shall serve the Cure Amount Notice by first class mail, postage prepaid, or hand delivery.

14. All objections to the relief requested in the Motion in connection with the actual sale of the Debtors' assets (including without limitation any objection to the assumption or assignment of any executory contract or unexpired lease or the proposed Cure Amount with respect thereto) must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 on or before **June 24, 2009 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"); and (d) served so as to be received on or before the Objection Deadline by the following (collectively, the "Objection Notice Parties"):

> (a) counsel for the Debtors: Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attn: Pamela Flaherty, Esq., Fax (212) 885-5001, and 1201 North Market Street, Suite 800, Wilmington, DE 19899, Attn: Michael D. DeBaecke, Esq. Fax: (302) 425-6464;

> (b) counsel for the Lender: Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Gordon Novod, Esq., Fax (212) 715-8192;

(c) counsel for the Creditors' Committee: Milbank, Tweed, Hadley & McCloy LLC, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017, Attn: David B. Zolkin, Esq., Fax (213) 892-4767;

(d) the OUST, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: David Buchbinder, Esq., Fax (302) 573-6497; and

(e) counsel for WBEI: Andrews Kurth LLP, 601 South Figueroa Street, Suite 3700, Los Angeles, CA 90017, Attn: Jon L.R. Dalberg, Esq., Fax (213) 896-3137.

The foregoing requirements are collectively referred to herein as the "General Objection Procedures." Only those objections made in compliance with the General Objection Procedures will be considered by the Court at the Sale Hearing. The failure of any objecting person or entity to file its objections by the Objection Deadline and in accordance with the General Objection Procedures will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the proposed sale of Assets, including any objection to the sale of any of the Assets free and clear of Liens, with any Liens to attach to the sale proceeds in the same order of priority, and to the same extent as such Liens were valid, perfected and enforceable prior to such sale.

15. All objections to the assumption or assignment of an executory contract or unexpired lease, including without limitation any objection to the Debtors' proposed Cure Amount or the provision of adequate assurance of future performance in connection therewith pursuant to section 365 of the Bankruptcy Code ("Adequate Assurance") must: (a) comply with the General Objection Procedures; (b) identify the executory contract or unexpired lease to which the objector is party; (c) describe with particularity any cure the claimant contends is required under section 365 of the Bankruptcy Code (the "Cure Claim") and identify the basis(es)

of the alleged Cure Claim; (d) attach all documents supporting or evidencing the Cure Claim or otherwise setting forth the grounds for objection to the proposed assumption and assignment; and (e) if the response contains an objection to Adequate Assurance, state with specificity what the objecting party believes is required to provide Adequate Assurance (collectively with the General Objection Procedures, the "Assigned Contract Objection Procedures").

16. If no objection is timely and properly filed and served in accordance with the Assigned Contract Objection Procedures, (a) the Cure Amount set forth in the Cure Amount Notice shall be controlling notwithstanding anything to the contrary in any executory contract or unexpired lease or other document and the non-debtor party to the executory contract or unexpired lease shall be forever barred from asserting any other claim arising prior to the assignment against the Debtors or Purchaser as to such executory contract or unexpired lease and (b) the Purchaser's promise to perform under the executory contract or unexpired lease shall be deemed Adequate Assurance thereunder. To the extent the Debtors dispute any Cure Claim, such dispute shall be presented to the Court at the Sale Hearing, or such later date and time as the Debtors, the objector, and (after the Auction) the Successful Bidder, may agree or the Court may order, but such dispute shall not affect in any way the effectiveness of any assumption and assignment of an executory contract or unexpired lease.

17. In the event one or more objections to the relief requested in the Motion is filed, the Debtors are authorized but not required, pursuant to Local Bankruptcy Rule 9006-1(d), to file a consolidated reply to such objection(s) on or before **June 30, 2009 at 12:00 p.m. (EDT)**.

18. To the extent there is any inconsistency between the terms of this Order and the Bidding Procedures, the terms of this Order shall control.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. This Order shall be binding upon and inure to the benefit of the Debtors, the Purchaser, and their respective successors and assigns, including any chapter 11 or chapter 7 trustee or other fiduciary appointed in these cases or subsequent cases.

21. The Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: June 3, 2009

_____
The Honorable Kevin Gross
United States Bankruptcy Judge