IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re : Chapter 11
:
MIDWAY GAMES INC., *et al.*, : Case No. 09-10465 (KG)
: (Jointly Administered)
Debtors.[1] : **Re: Docket No. 522**

---

**ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2002, 6004, 6006 AND 9014 (A) APPROVING
THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §
363, (B) AUTHORIZING AND APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN
CONNECTION THEREWITH, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Motion") of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing and approving (a) the sale of substantially all of the Debtors' remaining assets (but excluding the Excluded Assets)[2] used in connection with and arising out of the operation of the Business conducted at the San Diego Studio (hereafter, the "Purchased Assets"), as described in and pursuant to the terms and conditions of that certain Asset Purchase Agreement dated as of August 3, 2009 (collectively

---

[1] The Debtors are: Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

[2] All capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion or the Purchase Agreement, as applicable. In the event of any inconsistency between the use of capitalized terms in the Sale Motion and Purchase Agreement, the Purchase Agreement shall control.

with all schedules and exhibits thereto, and all ancillary agreements, the "Purchase Agreement") by and between Midway Games Inc. and Midway Home Entertainment, Inc., as sellers (the "Sellers"), and THQ Inc. (the "Purchaser"), a true and correct copy of which is attached hereto as Exhibit A, and (b) the assumption and assignment of certain executory contracts in connection therewith; and the Court having reviewed and considered (i) the Sale Motion and all relief related thereto, (ii) any objections thereto and (iii) the Court having heard the statements of counsel and the evidence presented in support of the relief requested by the Sale Motion at a hearing before the Court on August 18 and 19, 2009 (together, the "Sale Hearing"); and the Court having jurisdiction to consider and determine the Sale Motion as a core proceeding in accordance with 28 U.S.C. §§ 157(b) and 1334; and due notice of the Sale Hearing and the Sale Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED:**

A. The Court has jurisdiction to consider the Sale Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334. The Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363(b), (f), and (m) and 365(a), (b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

C. As evidenced by the certificates of service filed with the Court, and based on the representations made at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the transactions contemplated thereby (including the proposed

assumption and assignment of the Assumed Contracts) and the Sale Hearing has been provided in accordance with sections 102, 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014; and (ii) no other or further notice of the Sale Motion, the transactions contemplated thereby, the Sale Hearing or the entry of this Order is required.

D. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) the Office of the United States Trustee (the "OUST"); (ii) the Creditors' Committee; (iii) known persons holding a lien, claim, encumbrance or other interest in, to or against any of the Purchased Assets; (iv) known parties to the Assumed Contracts; (v) applicable federal, state and local taxing authorities; (vi) applicable federal, state and local governmental units; and (vii) all entities who have filed a notice of appearance and request for service of papers in the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 2002.

E. The Debtors have marketed the Purchased Assets diligently, in good faith and in a commercially reasonable manner to secure the highest and/or best offer therefor. The Purchased Assets were the subject of a robust auction.

F. The terms and conditions of the Purchase Agreement: (i) are fair and reasonable, (ii) valid, binding and enforceable, (iii) constitute the highest and best offer for the Purchased Assets, (iv) will provide a greater recovery for the Sellers' creditors than would be provided by any other practical available alternative, (v) constitute reasonably equivalent value and fair consideration for the Purchased Assets, and (vi) are in the best interests of the Sellers, their bankruptcy estates, creditors, and all parties in interest. The Sale must be approved and consummated promptly in order to maximize the value of the Sellers' estates.

G.  The Purchaser is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

H.  Neither the Sellers nor the Purchaser has engaged in any conduct that would cause or permit the application of section 363(n) of the Bankruptcy Code to the Sale, including having the Purchase Agreement voided.

## ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1.  The Sale Motion is granted.

2.  Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits. Parties who did not object, or who withdrew their objections to the Sale Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.  Section 5.1 of the Purchase Agreement is hereby amended such that the cash consideration of the Purchase Price (as defined in the Purchase Agreement) is increased from $200,000 to $740,000. Section 9.6 of the Purchase Agreement is hereby amended to provide that the Purchased Assets will be removed on or before September 7, 2009, or such later date as the parties mutually agree. The Purchase Agreement, as amended by the foregoing sentences, and all of the terms and conditions contained therein are approved and are binding upon the parties thereto.

4.  The Debtors are authorized and directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to perform all of their obligations pursuant to the Purchase Agreement and to execute such other documents and take such other actions as are reasonably necessary to effectuate the transactions contemplated by the Purchase Agreement.

900200.00001/40182859v.3

5. The sale of the Purchased Assets, pursuant to this Order and the Purchase Agreement, will vest the Purchaser with good title to the Purchased Assets and will be a legal, valid and effective transfer of the Purchased Assets free and clear of all liens, claims, interests or other Encumbrances (collectively, "Liens"), with all such Liens to attach to the net proceeds of sale of the Purchased Assets in the order of their priority, and with the same validity, priority, force and effect which such holder has prior to the sale of the Purchased Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest, pursuant to sections 105(a), 363(f), and 365 of the Bankruptcy Code.

6. All persons or entities holding Liens in, to or against the Purchased Assets shall be, and they hereby are, forever barred from asserting such Liens against Purchaser and its successors and assigns, or against such Purchased Assets after Closing.

7. Subject to and conditioned on the Closing of the transactions contemplated by the Purchase Agreement, pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Sellers' assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms contained in the Purchase Agreement, of the Assumed Contracts is approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto, including without limitation that all Cure Amounts as determined by the Court will be paid or otherwise satisfied by Purchaser, are deemed satisfied.

8. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties thereto in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

900200.00001/40182859v.3

9. Until these cases are closed or dismissed, the Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, and any waivers and consents thereunder; (b) to compel the Sellers and the Purchaser to perform all of their respective obligations under the Purchase Agreement; (c) to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement, including with respect to Assumed Contracts; and (d) to interpret, implement and enforce the provisions of this Order.

10. This Order shall be binding upon (i) the Debtors and their estates, (ii) all creditors of, and holders of equity interests in, any Debtor, (iii) all holders of Liens against or on all or any portion of the Purchased Assets, (iv) the Purchaser, and (v) all successors and assigns of any of the foregoing, including any trustees that may be appointed in any of the Debtors' bankruptcy cases.

11. The failure to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Purchase Agreement be approved and authorized in its entirety.

12. The issue whether this sale complies with federal or state antitrust laws is not before this Court. Accordingly, nothing contained in this Order shall constitute a determination as to whether the sale complies with federal or state antitrust law.

13. This Order constitutes a final order pursuant to 28 U.S.C. § 158(a). As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(g) and 6006(d) staying the effectiveness of this Order for ten (10) days are hereby waived. This Court has found that time is of the essence in closing the transactions contemplated by the Purchase Agreement and the parties to the Purchase

Agreement shall be authorized to close the sale as soon as possible consistent with the terms of the Purchase Agreement.

14. Upon Closing, the Debtors shall be authorized and directed to deposit and segregate the collected sale proceeds in a debtor in possession bank account in the name of Midway Home Entertainment Inc., to be held pending further Court order. Any agreement reached between the Debtors, Creditors' Committee, and Purchaser pursuant to section 5.2 of the Purchase Agreement with respect to the allocation of the Purchase Price shall be without prejudice to the rights and arguments of the Debtors, Creditors Committee, any creditor, or any other party in interest with standing regarding the appropriate allocation of the Purchase Price, for any other purpose.

Dated: August 19, 2009

_____
The Honorable Kevin Gross
United States Bankruptcy Judge