IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re                                : 
                                     : Chapter 11
MIDWAY GAMES INC., et al.,           : Case No. 09-10465 (KG)
                                     : (Jointly Administered)
         Debtors.[1]                 : **Re: Docket No. 522**

---

### ORDER UNDER 11 U.S.C. §§ 105(a) AND 363 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014 (A) APPROVING THE SALE OF PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363, (B) APPROVING REJECTION OF CERTAIN TNA LICENSE AGREEMENT, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Sale Motion") [Dkt. No. 522] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing and approving (a) the sale of certain of the Debtors' remaining assets (but excluding the Excluded Assets)[2] used in connection with and arising out of the operation of the Business conducted at the San Diego Studio, and (b) the assumption and assignment of certain executory contracts in connection therewith; and the Court having reviewed and considered (i) the Sale Motion and all relief related thereto, (ii) any objections thereto, (iii) the terms of the agreement relating to the purchase of certain of the Excluded Assets (hereafter, the "Purchased Assets"), as described in

---

[1] The Debtors are: Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

[2] All capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion or the Purchase Agreement, as applicable. In the event of any inconsistency between the use of capitalized terms in the Sale Motion and Purchase Agreement, the Purchase Agreement shall control.

900200.00001/40183212v.7

and pursuant to the terms and conditions of that certain Asset Purchase Agreement dated as of September 16, 2009 (collectively with all schedules and exhibits thereto, and all ancillary agreements, the "Purchase Agreement") by and between Midway Games Inc., Midway Studios – Los Angeles Inc., and Midway Home Entertainment, Inc., as sellers (the "Sellers"), and SouthPeak Interactive Corporation (the "Purchaser"), a true and correct copy of which is attached hereto as Exhibit A and (iv) the Court having heard the statements of counsel and the evidence presented in support of the relief requested by the Sale Motion at the hearings before the Court on August 18 and 19, 2009 (collectively, the "Sale Hearing"); and the Court having jurisdiction to consider and determine the Sale Motion as a core proceeding in accordance with 28 U.S.C. §§ 157(b) and 1334; and due notice of the Sale Hearing and the Sale Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED:

A. The Court has jurisdiction to consider the Sale Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334. The Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363(b), (f), and (m) and 365(a), (b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

C. As evidenced by the certificates of service filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the transactions contemplated thereby and the Sale Hearing has been provided in accordance with sections 102, 105, and 363 of the

Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014; and (ii) no other or further notice of the Sale Motion, the transactions contemplated thereby, the Sale Hearing or the entry of this Order is required.

D. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) the Office of the United States Trustee (the "OUST"); (ii) the Creditors' Committee; (iii) known persons holding a lien, claim, encumbrance or other interest in, to or against any of the Purchased Assets; (iv) applicable federal, state and local taxing authorities; (v) applicable federal, state and local governmental units; and (vi) all entities who have filed a notice of appearance and request for service of papers in the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 2002.

E. The Debtors have marketed the Purchased Assets diligently, in good faith and in a commercially reasonable manner to secure the highest and/or best offer therefor. At the direction of the Court, the Purchased Assets were the subject of a robust auction conducted over several hours on August 18, 2009. The Purchase Agreement represents the highest and best offer for the Purchased Assets.

F. The terms and conditions of the Purchase Agreement: (i) are fair and reasonable, (ii) valid, binding and enforceable, (iii) constitute the highest and best offer for the Purchased Assets, (iv) will provide a greater recovery for the Sellers' creditors than would be provided by any other practical available alternative, (v) constitute reasonably equivalent value and fair consideration for the Purchased Assets, and (vi) are in the best interests of the Sellers, their bankruptcy estates, creditors, and all parties in interest. The Sale must be approved and consummated promptly in order to maximize the value of the Sellers' estates.

G.  The Purchaser is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

H.  The Purchaser has acknowledged that its entry into the Purchase Agreement constitutes the definitive documentation contemplated by the Purchaser and Sellers at the August 19, 2009 Sale Hearing, and that the Purchaser is satisfied with the Purchased Assets described in the Purchased Agreement. Except as set forth in sections 2(c) and 2(f) of the Purchase Agreement, the Purchaser has determined not to purchase any motion capture data from Sellers and has acknowledged that it shall not have nor claim to have any right to any motion capture data as against Sellers or THQ Inc. by reason of anything stated at the August 19, 2009 hearing or otherwise.

I.  Neither the Sellers nor the Purchaser has engaged in any conduct that would cause or permit the application of section 363(n) of the Bankruptcy Code to the Sale, including having the Purchase Agreement voided.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.  The Sale Motion is granted as set forth herein.

2.  Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits. Parties who did not object, or who withdrew their objections to the Sale Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.  The Purchase Agreement and all of the terms and conditions contained therein are approved and are binding upon the parties thereto.

4. The Debtors are authorized and directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to perform all of their obligations pursuant to the Purchase Agreement and to execute such other documents and take such other actions as are reasonably necessary to effectuate the transactions contemplated by the Purchase Agreement.

5. The sale of the Purchased Assets, pursuant to this Order and the Purchase Agreement, will vest the Purchaser with good title to the Purchased Assets and will be a legal, valid and effective transfer of the Purchased Assets pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests or other Encumbrances (collectively, "Liens"), with all such Liens to attach to the net proceeds of sale of the Purchased Assets in the order of their priority, and with the same validity, priority, force and effect which such holder has prior to the sale of the Purchased Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest.

6. All persons or entities holding Liens in, to or against the Purchased Assets shall be, and they hereby are, forever barred from asserting such Liens against Purchaser and its successors and assigns, or against such Purchased Assets after Closing.

7. Subject to and conditioned on the Closing of the transactions contemplated by the Purchase Agreement, at the direction of the Purchaser, the Sellers will promptly prepare an appropriate motion to assume and assign the Assumed Contracts (as defined in the Purchase Agreement) to Purchaser and to reject the TNA License on an expedited basis. Purchaser shall be responsible for satisfying any necessary findings of adequate assurance of future performance under such Assumed Contracts and for satisfying any cure amounts associated with the same. Such motion will be served with appropriate notice as required under local bankruptcy rules and

scheduled for hearing at the earliest convenience of the Court. Purchaser assumes the risk concerning approval of the relief requested in such motion.

8. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties thereto in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

9. Until these cases are closed or dismissed, the Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, and any waivers and consents thereunder; (b) to compel the Sellers and the Purchaser to perform all of their respective obligations under the Purchase Agreement; (c) to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement, including with respect to Assumed Contracts; and (d) to interpret, implement and enforce the provisions of this Order.

10. This Order shall be binding upon (i) the Debtors and their estates, (ii) all creditors of, and holders of equity interests in, any Debtor, (iii) all holders of Liens against or on all or any portion of the Purchased Assets, (iv) the Purchaser, and (v) all successors and assigns of any of the foregoing, including any trustees that may be appointed in any of the Debtors' bankruptcy cases.

11. The failure to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Purchase Agreement be approved and authorized in its entirety.

12. This Order constitutes a final order pursuant to 28 U.S.C. § 158(a). As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rule 6004(h) staying the effectiveness of this Order for ten (10) days are hereby waived. This Court has found that time is of the essence in closing the transactions contemplated by the Purchase Agreement and the parties to the Purchase Agreement shall be authorized to close the sale as soon as possible consistent with the terms of the Purchase Agreement.

Dated: ~~September~~ October 1, 2009

_____
The Honorable Kevin Gross
United States Bankruptcy Judge