IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MIDWAY GAMES INC., et al., | ) | Case No. 09-10465(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Re: D.I. 723** |

**ORDER APPROVING APPLICATION OF DEWEY & LEBOEUF LLP AS SPECIAL COUNSEL TO THE INDEPENDENT MEMBERS OF THE POST-PETITION BOARD OF DIRECTORS OF MIDWAY GAMES INC. FOR (I) AUTHORIZATION TO FILE FEE APPLICATION WITH RESPECT TO LEGAL ADVICE RENDERED ON BOARD MATTERS BENEFITTING THE DEBTORS' ESTATES AND (II) ALLOWANCE OF SUCH FEE APPLICATION ON AN INTERIM BASIS**

This matter comes before the Court on the Application (the "Application") filed by Dewey & LeBoeuf LLP ("D&L") requesting (i) authorization from this Court to file a fee application, seeking payment for services rendered, and reimbursement of expenses incurred, as special counsel ("Special Board Counsel") to the independent members (the "Independent Directors") of the post-petition board of directors (the "Board") of Midway Games, Inc., et al (the "Debtors" or "Midway"), for the period from May 1, 2009, through and including August 19, 2009, the date on which the last major asset sale in these chapter 11 cases was approved and the Independent Directors tendered their resignation as Board members. The total amount requested in the Application is $204,759.41. The Official Committee of Unsecured Creditors (the "Committee") has filed a limited objection to the Application.

The Debtors requested entry of an Order (I) to Retain and Employ Dewey & LeBoeuf LLP as Special Board Counsel *nunc pro tunc* to the Petition Date and (II) Granting Certain Related Relief ("Retention Application"). The Court granted the Retention Application by Order, enetered March 10, 2009 [Docket No. 145] (the "Retention Order").

As set forth in the Retention Application, the Debtors believed it was in the best interests of the Debtors' estates for the Independent Directors to continue serving during a critical decision making phase of Midway's chapter 11 cases. The Debtors wanted the Independent Directors to remain in place to assist management charged with the responsibility of running Midway as debtor-in-possession, negotiating the sale of the Debtors' assets, retaining key employees, and making all other major business decisions.

The Committee filed a limited objection to the Retention Application. The Committee objected based on its concern that the estate not be burdened with (i) having to pay for legal fees incurred by D&L in the defense of any adversary proceeding the Committee might bring in the future against the Independent Directors arising out of their pre-petition conduct as directors; and (ii) having to pay both D&L and Debtors's counsel for performing duplicative services for the Board. The Committee thus stated that:

> Indeed the bankruptcy estates should only be paying for Dewey's post-petition services provided to the post-petition Board in connection with the Board's post-petition actions. In other words, the estates should not be in a position where they are obligated to pay the Board's attorneys' fees for services relating to pre-petition Board member conduct from which claims may have arisen.

Limited Objection at ¶ 2 (emphasis supplied).

Discussions between the Committee and D&L led to an agreement embodied in the Retention Order, approving the Debtors' retention of D&L as Special Counsel to the independent members of the post-petition Board on the terms set forth in the Retention Application, effective as of February 12, 2009. The language of the Retention Order addressing this understanding states that:

> In the event an action is commenced against any independent members of the post-petition Board arising out of or relating to their conduct as Board members pre-petition, Dewey & LeBoeuf may continue representing such Board members but shall not seek payment from the Debtors' estates in connection with such representation without prior authorization from the Court.

Retention Order at ¶ 6.

The Retention Order thus precluded D&L from seeking payment for any fees or expenses incurred in connection with any adversary proceeding filed by the Committee against the Independent Directors and others. The Retention Order authorized D&L to continue representing the Independent Directors and be paid by the Debtors' estates with respect to non-litigation matters pertaining to the administration of the estate.

Paragraph 6 of the Retention Order therefore only applied if an action was commenced and then only limited D&L's right to seek payment from the Debtors' estates "in connection with such representation." By its terms, it only applies to defense costs incurred in connection with the

adversary proceeding which the Committee subsequently filed. The Retention Order, does

not restrict or prohibit D&L from continuing, post-litigation, to represent, at the Debtors' expense, the Independent Directors in connection with non-litigation, post-petition board matters.

The independent members of Midway's Board have traditionally been represented by outside counsel and, when Midway commenced its chapter 11 cases, the Debtors sought to retain D&L to represent the independent members of Midway's Board. The Debtors argued that Midway should not be deprived of a board with independent members, that the Court grant the request of the Independent Directors to retain D&L, and that the retention of D&L would increase the likelihood that the Independent Directors would remain in place. The Court approved that retention.

D&L's retention was pursuant to Section 327(e) which provides that the trustee may retain special counsel "if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). D&L satisfied the statutory requirements in its limited role and did not exceed its authority.

After an exhaustive review of the Application, including the details of the time records and expenses and careful consideration of the Committee's arguments in support of its limited objection, the Court thus finds that the fees and expenses incurred during the Second Interim Period represent actual and necessary expenses for the orderly administration of the Debtors' estates, fall within the scope of D&L's retention, and comply with the requirements

of § 330 (a)(3) of the Bankruptcy Code. Moreover, the Court notes that a fundamental principle of Delaware Law, which is applicable to Debtors, is tat a Delaware corporation is that a Delaware corporation is "managed" by its board of directors. 8 Del. C. Section 141(a). It was therefore appropriate that Debtors retain special counsel for its Independent Directors given the nature of this case.

Accordingly, the Application is granted and D&L is authorized to seek and shall be allowed payment of its fees and expenses in the Second Interim Fee Application.

SO ORDERED.

Dated: December 30, 2009

Kevin Gross
U.S.B.J.

5