# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| MIDWAY GAMES INC., *et al.*,[1] | : | Case No. 09-10465 (KG) |
|  | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
| Debtors. | : | **Re: Dkt. Nos. 936, 1031** |

## ORDER CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

A hearing was held before this Court on May 21, 2010 (the "Confirmation Hearing") to

consider confirmation of the above-captioned debtors and debtors in possession (the "Debtors")

Joint Chapter 11 Plan of Liquidation [Dkt. No. 936], as supplemented by the Plan Supplement

filed in connection therewith [Dkt. No. 1031] (the Joint Chapter 11 Plan of Liquidation and the

Plan Supplement are incorporated by reference herein and are attached hereto as Exhibit 1 and

Exhibit 2, respectively, and collectively referred to herein as the "Plan")[2]; and the Court having

reviewed and approved the Disclosure Statement and other matters filed and served in support of

confirmation of the Plan; and the Court having examined the record compiled in these Chapter

11 Cases and having considered, among other things: (i) the Order (A) Approving Proposed

Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to

Accept or Reject  Proposed Joint Chapter 11 Plan of Liquidation, (C) Scheduling a Hearing on

Confirmation of Proposed Joint Chapter 11 Plan of Liquidation and Approving Related Notice

---

[1]    The Debtors are:  Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

[2]    Unless otherwise specified, capitalized terms and phrases used herein have the meanings assigned to them in the Plan.

Procedures, and (D) Granting Certain Related Relief (the "Disclosure Statement Order") [Dkt. No. 926]; (ii) the Notice of (A) Deadline for Casting Votes to Accept or Reject the Proposed Joint Chapter 11 Plan of Liquidation of the Debtors, (B) Hearing to Consider Confirmation of Proposed Joint Chapter 11 Plan of Liquidation, and (C) Other Related Matters (the "Notice of Confirmation") [Dkt. No. 941]; (iii) the Affidavit of Service of Solicitation Materials by Christina Pullo of Epiq Bankruptcy Solutions, LLC [Dkt. No. 1001], as corrected on May 17, 2010 [Dkt. No. 1033] (collectively, the "Affidavit of Service"); (iv) the Declaration of Christina F. Pullo of Epiq Bankruptcy Solutions, LLC Certifying Voting On, And Tabulation Of Ballots Accepting and Rejecting, The Debtors' Joint Chapter 11 Plan of Liquidation (the "Voting Certification") [Dkt. No. 1032], as amended on May 20, 2010 [Dkt. No. 1041]; and (v) the offers of proof, evidence admitted and the arguments and representations of counsel at the Confirmation Hearing; and the Disclosure Statement Order having fixed May 7, 2010, at 4:00 p.m. (ET) as the deadline for the filing of objections to confirmation of the Plan (the "Confirmation Objection Deadline") and May 3, 2010, at 5:00 p.m. (ET) as the deadline for submitting votes to accept or reject the Plan (the "Voting Deadline"); and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the

2

following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

### A. JURISDICTION AND VENUE

The Court has jurisdiction over the Chapter 11 Cases and authority to confirm the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and the Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of title 11 of the United States Code (the "Bankruptcy Code"). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. JUDICIAL NOTICE

The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the various hearings held before the Court during the pendency of the Chapter 11 Cases.

### C. SOLICITATION AND NOTICE

On March 23, 2010, after notice and a hearing, the Court entered the Disclosure Statement Order (i) approving the Disclosure Statement, (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (iii) scheduling a hearing on confirmation of the Plan and approving related notice procedures and (iv) granting certain related relief.

### D. TRANSMITTAL OF SOLICITATION PACKAGES.

Pursuant to the Disclosure Statement Order and as evidenced by the Affidavit of Service, on April 2, 2010, the Balloting Agent transmitted copies of the Solicitation Packages (as set forth below) to all Holders of Claims as of the Voting Record Date who are entitled to vote on the Plan (i.e., Claims in Classes 3A and 3B). The Solicitation Packages included (i) the Notice of

3

Confirmation Hearing; (ii) as applicable, the Disclosure Statement (with exhibits, including the Plan); (iii) as applicable, a Ballot and voting instructions for Classes 3A and 3B; and/or (iv) as applicable, a Notice of Non-Voting Status. Service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases.

### E. NOTICE OF CONFIRMATION HEARING.

On May 21, 2010, after due and proper notice to holders of Claims and Interests and to various other parties in interest, the Court conducted the Confirmation Hearing to consider confirmation of the Plan. Adequate and sufficient notice of the Confirmation Hearing (including the deadlines for voting on the Plan and for filing and serving objections to confirmation of the Plan) has been provided in compliance with sections 102(1), 105, 1127, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3019, the Local Bankruptcy Rules, and the Disclosure Statement Order.

### F. DISTRIBUTION AND TABULATION.

The Disclosure Statement Order set May 3, 2010 as the Voting Deadline. As set forth in the Voting Certification, the Balloting Agent has satisfied the ballot tabulation procedures set forth in the Disclosure Statement Order and has properly tabulated the Ballots received in connection with the Plan. As set forth in the Voting Certification, the Plan has received the overwhelming support of the Classes entitled to vote on the Plan (Classes 3A and 3B) and the votes in favor of the Plan are sufficient to confirm the Plan given the requirements of section 1126(c) of the Bankruptcy Code.

### G. COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE

#### 1. The Plan Complies With Section 1129(a)(1) Of The Bankruptcy Code.

The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including all provisions of sections 1122 and 1123 of

4

the Bankruptcy Code.

### a. The Plan Complies With Sections 1122 and 1123(a)(1) Of The Bankruptcy Code.

The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate among holders of Claims and Interests. The Plan adequately and properly classifies all Claims and Interests required to be classified and thus, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

### b. The Plan Complies With Section 1123(a)(2) Of The Bankruptcy Code.

Article V of the Plan properly specifies which Classes of Claims are unimpaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

### c. The Plan Complies With Section 1123(a)(3) Of The Bankruptcy Code.

Article V of the Plan specifies the treatment of Impaired Classes of Claims and/or Interests in Classes 3A, 3B, 4, and 5, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

### d. The Plan Complies With Section 1123(a)(4) Of The Bankruptcy Code.

The Plan provides for the same treatment for each Claim and/or Interest within a particular Class unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies section 1123(a)(4) of the Bankruptcy Code.

5

### e. The Plan Complies With Section 1123(a)(5) Of The Bankruptcy Code.

The Debtors have sufficient Cash available to make all Distributions pursuant to the terms of the Plan. In particular, the Debtors have sufficient Cash to pay, in full, all Allowed Secured Claims, Administrative Claims, Priority Tax Claims, Priority Claims, to fund the Liquidating Trust Fund Reserve Amount, and to fund the Disputed Claims Reserve. The Plan provides for all of the Debtors' assets to be transferred to the Liquidating Trust. The Plan therefore provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

### f. Section 1123(a)(6) Of The Bankruptcy Code Is Inapplicable.

Section 1123(a)(6) of the Bankruptcy Code is inapplicable because the Plan provides for the cancellation of all Interests in the Debtors, as of the Effective Date.

### g. The Plan Complies With Section 1123(a)(7) Of The Bankruptcy Code.

The Debtors have adequately disclosed the selection of the Liquidating Trustee in the Plan Supplement, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

### h. The Plan Complies With Section 1123(b) Of The Bankruptcy Code.

The provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. The provisions of the Plan are otherwise consistent with section 1123(b) of the Bankruptcy Code.

### 2. The Plan Complies With Section 1129(a)(2) Of The Bankruptcy Code.

The Debtors have (i) complied with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, (ii) complied with all applicable provisions of the Disclosure Statement

6

Order, and (iii) solicited and tabulated votes on the Plan in good faith, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. The Debtors and Debtors' Estates are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and by the Injunction and Exculpation provisions set forth in Sections 10.04 and 10.05 of the Plan.

### 3. The Plan Complies With Section 1129(a)(3) Of The Bankruptcy Code.

The Debtors have proposed the Plan in good faith and not by any means forbidden by law. No person or entity has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. The Plan represents extensive arms-length negotiations among the Debtors and the Creditors Committee as well as other significant parties in interest and their advisors. The Plan was proposed for the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate Distributions to creditors. As such, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence presented at the Confirmation Hearing.

### 4. The Plan Complies With Section 1129(a)(4) Of The Bankruptcy Code.

Any payment made or to be made for services or expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court, as reasonable. Professionals are required to file final fee applications in accordance with the terms of the Plan, and such final fee applications are subject to review and approval by the Court at a future hearing to consider such final fee applications. The Plan therefore complies with section 1129(a)(4) of the Bankruptcy Code. Subject to the provisions of the Liquidating Trust, the Liquidating Trustee may employ

7

and compensate professionals in the ordinary course of business and without the necessity of
Court approval, in its reasonable discretion. The Liquidating Trustee may continue to employ
the Balloting Agent and Venturity Financial Partners in the ordinary course and without the
necessity of Court approval, in its reasonable discretion and subject to consultation with the
Liquidating Trust Advisory Board.

### 5. The Plan Complies With Section 1129(a)(5) Of The Bankruptcy Code.

Upon occurrence of the Effective Date, the Debtors will be dissolved in accordance with
the provisions of the Plan and a Liquidating Trust will be formed. It is not contemplated that any
officer, director, or member of the Debtors will serve as the Liquidating Trustee or otherwise
have any decision-making power after the Plan is confirmed. Further, neither the Liquidating
Trustee nor any member of the Liquidating Trust Advisory Board, as appointed pursuant to the
Plan and/or Liquidating Trust Agreement, is an insider of the Debtors. The Plan complies with
section 1129(a)(5) of the Bankruptcy Code.

### 6. Section 1129(a)(6) Of The Bankruptcy Code Is Inapplicable.

Section 1129(a)(6) of the Bankruptcy Code only applies to debtors whose rates are
subject to governmental regulation following confirmation and is thus not applicable to these
Chapter 11 Cases.

### 7. The Plan Complies With Section 1129(a)(7) Of The Bankruptcy Code.

The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because each non-
consenting member of an Impaired Class will receive or retain under the Plan, on account of
such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less
than the amount it would receive in a chapter 7 liquidation of the Debtors' assets on such date.

8

**8.    Section 1129(a)(8) Of The Bankruptcy Code.**

Classes 1 and 2 are unimpaired under the Plan. Classes 3A and 3B, the only Impaired Classes entitled to vote on the Plan, voted to accept the Plan. Classes 4 and 5, which will receive or retain no property, are deemed to have rejected the Plan. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 4 and 5, the Plan is confirmable because the Debtors satisfy section 1129(a)(10) of the Bankruptcy Code and the "cram down" requirements of section 1129(b) of the Bankruptcy Code. Section 1129(b) requires that a plan must not discriminate unfairly and must be fair and equitable as to each class of claims and interests that is impaired under, and has not accepted, the plan. As set forth below, the Plan satisfies these requirements.

**9.    The Plan Complies With Section 1129(a)(9) Of The Bankruptcy Code.**

The Plan, subject to certain administrative expense bar date provisions, provides for treatment of Allowed Administrative Claims, Priority Tax Claims and Priority Claims in accordance with the provisions of section 1129(a)(9) of the Bankruptcy Code. All Administrative Claims that are required to be Filed but are not Filed by the applicable Administrative Expense Claim Bar Date shall be deemed disallowed.

**10.    The Plan Complies With Section 1129(a)(10) Of The Bankruptcy Code.**

Impaired Classes 3A and 3B, determined without including any acceptances of the Plan by any insider, have voted to accept the Plan, thereby satisfying section 1129(a)(10) of the Bankruptcy Code.

9

### 11. The Plan Complies With Section 1129(a)(11) Of The Bankruptcy Code.

The Plan provides for the liquidation of the Debtors. There is sufficient Cash to satisfy the obligations under the Plan. The Plan therefore is feasible and satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

### 12. The Plan Complies With Section 1129(a)(12) Of The Bankruptcy Code.

The Plan provides that fees payable pursuant to 28 U.S.C. § 1930(a)(6) will be paid in accordance with the applicable schedule for payment of such fees. Thus, the Plan complies with the requirements of section 1129(a)(12) of the Bankruptcy Code.

### 13. Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), And 1129(a)(16) Of The Bankruptcy Code Are Inapplicable.

The Debtors are not obligated to provide "retiree benefits" as that term is defined in section 1114 of the Bankruptcy Code. The Debtors are not required by any judicial or administrative order to pay a domestic support obligation. The Debtors are not individuals. The Debtors are not non-profit entities. Therefore, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code are inapplicable to these Chapter 11 Cases.

### 14. Cramdown Under Section 1129(b) Of The Bankruptcy Code.

The Debtors have presented evidence at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to any deemed rejecting Class as required by section 1129(b)(1) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the failure to satisfy section 1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including those Classes that are deemed to reject the Plan.

10

**15. Primary Purpose Of Plan - Section 1129(d) Of The Bankruptcy Code.**

The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**H. SATISFACTION OF CONFIRMATION REQUIREMENTS.**

Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**I. SATISFACTION OF CONDITIONS TO CONFIRMATION.**

The conditions to confirmation set forth in the Plan have been satisfied or will be satisfied by entry of this Order.

**J. APPROVAL OF SETTLEMENTS.**

The terms and provisions of all settlements and compromises set forth in the Plan, including the Creditors' Committee Settlement as set forth in § 6.09 and the Settlement of Claim Agreements referenced in § 5.10 of the Plan and set forth in the Plan Supplement, are fair and reasonable and represent a sound exercise of the Debtors' and/or Creditors' Committee's business judgment, as applicable.

11

## ORDER

Based on the foregoing findings of fact and conclusions of law (and those made during the Confirmation Hearing, which are incorporated herein for all purposes),

**IT IS HEREBY ORDERED THAT:**

### A. Confirmation.

The Plan, which includes all modifications set forth in this Order and on the record at the Confirmation Hearing, is hereby **CONFIRMED** and **APPROVED** in all respects pursuant to sections 1122, 1123, 1128, and 1129 of the Bankruptcy Code, as applicable. The Debtors have complied with section 1125 with respect to the Disclosure Statement and the Plan. The Debtors, Creditors' Committee, and the Liquidating Trustee are authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and (b) execute such documents and instruments as may be required to implement the Plan.

### B. Incorporation Of Plan.

The terms of the Plan and any and all exhibits thereto and any other agreements, contracts, documents and instruments contemplated by the Plan, including the Liquidating Trust Agreement, the Settlement Claim Agreements, and the transactions contemplated thereby, are incorporated by reference into, and are an integral part of, this Order. Such documents shall be binding and enforceable as of the Effective Date, in accordance with their respective terms and without need for any further action by the parties thereto.

### C. Incorporation Of Findings Of Facts And Conclusions Of Law.

The Findings of Fact and Conclusions of Law are incorporated into and are an integral part of this Order.

12

**D.     Settlements And Compromises.**

Pursuant to section 1123(b)(3) of the Bankruptcy Code and where applicable, Bankruptcy Rule 9019(a), the terms and provisions of all settlements and compromises set forth in the Plan, including the Creditors' Committee Settlement as set forth in Section 6.09 of the Plan and the Settlement Claim Agreements referenced in Section 5.10 of the Plan and as set forth in the Plan Supplement, are hereby approved as fair, equitable, reasonable and in the best interests of the Debtors, their Estates, and all holders of Claims.

**E.     Objections.**

Any objections (and all reservations of rights pertaining to confirmation of the Plan included therein) to the Plan that have not been withdrawn, waived or settled herein or as described on the record at the Confirmation Hearing, are hereby overruled on the merits.

**F.     Plan Classification Controls.**

The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classification set forth on the Ballots tendered and/or returned by creditors in connection with voting on the Plan were set forth solely for the purposes of voting and do not necessarily represent and in no event shall modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes and shall not be binding upon the Debtors, the Liquidating Trust or the affected claimants or Interest Holders.

**G.     Binding Effect.**

The Plan shall be binding upon the Debtors, the Liquidating Trustee, any entity acquiring property under the Plan, and any Holder of a Claim against or Interest in the Debtors, and any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors,

13

agents, representatives, attorneys, beneficiaries or guardians, regardless of whether a proof of Claim or Interest was filed, whether the Claim or Interest is or becomes an Allowed Claim or Interest, whether the Claim or Interest is impaired under the Plan, or whether the Holder thereof voted to accept or reject the Plan or did not vote on the Plan.

## H. Vesting Of Assets.

Upon the Effective Date, the Debtors and the Creditors' Committee shall be deemed to have automatically transferred to the Liquidating Trust all of their rights, titles, and interests in and to all Assets, whether acquired before or after the Petition Date or the Effective Date, subject to the terms of the Plan and the Liquidating Trust Agreement.

## I. Authority Of Debtors, Creditors' Committee, And Liquidating Trustee To Consummate Plan.

The Debtors, Creditors' Committee, and the Liquidating Trustee are authorized to complete any transactions contemplated by the Plan prior to the Effective Date, including but not limited to execution of the Liquidating Trust Agreement.

## J. Substantive Consolidation.

In accordance with section 1141 of the Bankruptcy Code and section 2.02 of the Plan, and pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, all of the Debtors' assets and liabilities, including Claims, shall be substantively consolidated. Accordingly, for purposes of classification, voting and Distributions under the Plan, and subject to the provisions of the Creditors' Committee Settlement, (i) all assets and liabilities of the Debtors will be deemed to be merged solely for purposes of the Plan and Distributions to be made thereunder, (ii) the obligations of each Debtor will be deemed to be obligations of all Debtors solely for purposes of the Plan and Distributions thereunder, (iii) any Claims filed or to be filed in connection with any such obligations will be deemed Claims against all Debtors, as

14

substantively consolidated, (iv) subject to the provisions of the Liquidating Trust Agreement, all transfers, disbursements and distributions made by any Debtor will be deemed to be made by all of the Debtors, (v) any Debtor's guarantees of the obligations of another Debtor shall be deemed eliminated so that any Claim against a Debtor and any guarantee thereof executed by another Debtor and any joint and several liability of the Debtors shall be deemed to be one obligation of all Debtors; and (vi) intercompany claims between the Debtors will be canceled and eliminated, with no Distributions to be made on account thereof. Subject to the provisions of the Plan and Creditors' Committee Settlement, holders of Allowed Claims in each Class shall be entitled to their share of assets available for Distribution to such Class without regard to which Debtor was originally liable for such Claim.

## K.    Assignment Of Claims.

Without limitation, upon the Effective Date, in accordance with the Plan, the Debtors' and their Estates' rights to enforce, sue on, settle or compromise (or decline to do any of the foregoing) all Causes of Action as appropriate, shall be preserved and transferred to the Liquidating Trust, and the Debtors' rights to setoff against any claim, whether pursuant to section 553 of the Bankruptcy Code or any other applicable law, shall be preserved and transferred to the Liquidating Trust.

## L.    Preservation Of Causes Of Action.

No defendant party to any Cause of Action, including, but not limited to avoidance actions, shall be entitled to assert any defense based, in whole or in part, upon Confirmation of the Plan, and Confirmation of the Plan shall not have any *res judicata* or collateral estoppel effect upon the commencement and prosecution of Causes of Action. All Causes of Action are

15

expressly preserved in full for the benefit of the Debtors' Estates and the Liquidating Trust, as applicable.

## M.    Rejection Of Executory Contracts And/Or Unexpired Leases.

Except with respect to executory contracts or unexpired leases that (i) were previously assumed or rejected by order of the Court or operation of law prior to the Confirmation Date, or (ii) on the Effective Date, are the subject of a pending motion to assume or reject, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date which has not previously expired or terminated pursuant to its own terms or pursuant to a Court order shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, effective as of the Effective Date. Pursuant to section 365 of the Bankruptcy Code, such rejections are hereby authorized and approved as of the Effective Date. All rejection damage claims based on any executory contracts or unexpired leases that are rejected pursuant to this Order and the Plan must be filed with the Balloting Agent on or before the date that is sixty (60) days after the Effective Date or such rejection damage claims shall be disallowed and forever barred.

## N.    Approval Of Exculpation, Injunction, Release And Indemnity Provisions Contained In Plan.

The Exculpation (Section 10.04 of the Plan), Injunction (Section 10.05 of the Plan), and all other exculpation, indemnification, and release provisions contained in the Plan, including but not limited to the releases by Debtors set forth in Section 10.06 of the Plan, the exculpation and release provisions in favor of the Indenture Trustee as set forth in Sections 6.09(F), 6.09(G), and 6.09(H) of the Plan, and the indemnity provisions contained in Sections 5.07, 5.08, and 5.09 of the Plan, are hereby approved and shall be enforceable on and after the Effective Date without further act or order. Specifically, and not by way of limitation, the following provisions are approved:

16

a.  Exculpation. **Pursuant to Section 10.04 of the Plan, the Debtors, the Creditors' Committee and its members and each of their respective affiliates, officers who provided service after the Petition Date, directors who provided service after the Petition Date, managers, employees, members or agents (each acting in such capacity), and any professional Persons employed by any of them, will not have or incur any liability to any Person for any action taken or omitted to be taken in connection with or related to or arising out of, the formulation, preparation, dissemination, negotiation, implementation, confirmation, or consummation of this Plan, the Disclosure Statement, any motion, order, release, settlement, transaction, or other agreement or document created or entered into or approved by the Bankruptcy Court, or any other post-Petition Date action taken or omitted to be taken in connection with this Plan or any other matter or proceeding in the Chapter 11 Cases, and all Claims based upon or arising out of such actions or omissions will be forever barred, waived and released; *provided, however*, that nothing herein shall affect the liability of any Person arising from any act, omission, transaction, agreement, event or other occurrence, constituting willful misconduct, gross negligence, fraud or criminal conduct.  For the avoidance of doubt, the foregoing exculpation and release provisions, and those release provisions set forth in Section 10.06 of the Plan, include William C. Bartholomay, Peter C. Brown, Joseph A. Califano, and Robert N. Waxman and with respect to each of Messrs. Bartholomay, Brown, Califano, and Waxman, are (i) in exchange for and in full satisfaction and release of all claims, of whatever nature, including without limitation prepetition Claims and Administrative Claims, asserted or that may be asserted by any of them, or by any assignee or subrogee of same, against any of the Debtor Released Parties (as defined in Section 10.06 of the Plan) in connection with the Debtors or**

17

their Chapter 11 Cases, and (ii) in exchange for the immediate dismissal, with prejudice, upon entry of the Order, of Messrs. Bartholomay, Brown, Califano, and Waxman's pending appeal of the final cash collateral order. Each of Messrs. Bartholomay, Brown, Califano, and Waxman have agreed to the exculpation and mutual releases set forth in Sections 10.04 and 10.06 of the Plan and have agreed that this Order will expressly provide for such exculpation and mutual releases.

b. Injunction. Pursuant to Section 10.05 of the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, any Person (other than the Debtors, the Creditors' Committee, the Debtors' Estates or the Liquidating Trustee) who has held, holds, or may hold a claim against or interest in the Debtors' Estates, the Assets, the Liquidating Trust, or the Liquidating Trust Funds, or any claim against or interest in any Person (including any Debtor) for which the Debtors' Estates or the Liquidating Trust are or may be directly liable or indirectly liable by way of contribution, indemnity (including an obligation to pay defense costs under this Plan or otherwise) or otherwise is, with respect to any such claim or interest, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Bankruptcy Cases to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim): (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting any of the Debtors' Estates, the Assets, the Liquidating Trust, or the Liquidating Trust Funds on account of any claim

18

for which the Debtors or Liquidating Trustee are directly or indirectly liable by way of contribution, indemnity or otherwise, including without limitation any State Wage Claims; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Debtors' Estates, the Assets, the Liquidating Trust, or the Liquidating Trust Funds; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Debtors' Estates, the Assets, the Liquidating Trust, or the Liquidating Trust Funds on account of any claim for which any of the Debtors or Liquidating Trustee are or may be directly or indirectly liable by way of contribution, indemnity or otherwise; (iv) asserting any right of setoff of any kind, directly or indirectly, against any obligation due to any of the Debtors' Estates or the Liquidating Trust, on account of any claims for which any of the Debtors' Estates or Liquidating Trust are or may be directly or indirectly liable by way of contribution, indemnity or otherwise; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan. Any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator(s). Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable.

19

c.     Debtors' Releases.  **Pursuant to Section 10.06 of the Plan, and except as otherwise expressly provided in the Plan and subject to the terms of any prior court order, each of the Debtors and any Person or entity seeking to exercise rights or claims of or on behalf of the Debtors or the Debtors' Estates shall be deemed to have waived, released and discharged (i) any of the other Debtors, (ii) any of the Named Officers, present directors, and the Former Directors, (iii) the Creditors' Committee and any of its members, but solely in their capacities as members of the Creditors' Committee, and (iv) any professionals employed by the Debtors or Creditors' Committee in the Chapter 11 Cases (collectively, the "_Debtor Released Parties_"), from all claims (as such term is defined in section 101(5) of the Bankruptcy Code), obligations, suits, damages, demands, debts, rights, or causes of action that may be brought by or on behalf of the Debtors or the Debtors' Estates against the Debtor Released Parties of whatever kind or nature, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, in law or equity, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date, relating to or in connection with the Debtors, the Chapter 11 Cases, the conduct of the Debtors' business, or this Plan; _provided, however,_ that, except as to the matters alleged in the Creditors' Committee Action against the Former Directors, the foregoing release (i) will have no effect on the liability of any Debtor Released Parties arising from an act, omission, transaction, agreement, event or other occurrence constituting willful misconduct, gross negligence, fraud or criminal conduct and (ii) will not constitute a release or waiver of any defense available to the Debtors or the Liquidating Trustee in connection with any Disputed Claim (including Administrative Claims) asserted against the Debtors, the Debtors' Estates or the**

20

Liquidating Trust by any Debtor Released Party. The definition of Debtor Released Parties does not include NAI, Sumco or Sumner Redstone but does include each of the Former Directors; provided, however, that, as to Shari E. Redstone ("Redstone") and Robert J. Steele ("Steele"), the releases described in Section 10.06 of the Plan shall be in exchange for and full satisfaction of all claims, of whatever nature, including without limitation prepetition Claims and Administrative Claims, asserted or that may be asserted by Redstone or Steele, or by any assignee or subrogee of Redstone or Steele, against any of the Debtor Released Parties in connection with the Debtors or their Chapter 11 Cases. Each of Redstone and Steele have agreed to the mutual releases set forth herein and have agreed that this Order will expressly provide for such releases. For the avoidance of doubt, the releases of the Former Directors as set forth in Section 10.06 of the Plan includes a release from all claims asserted or that could have been asserted against them in the Creditors' Committee Action. Notwithstanding any release provided to the Former Directors under the Plan, nothing in the Plan shall in any way prejudice claims asserted in the Creditors' Committee Action against any Person that is not a Debtor Released Party. Such claims are expressly reserved and preserved for the benefit of the Estates, and, following the Effective Date, the Liquidation Trust. The releases described herein shall be binding upon all Persons.

O.     Liquidating Trust And Liquidating Trust Agreement.

Buchwald Capital Advisors LLC is appointed as the Liquidating Trustee of the Liquidating Trust. The Liquidating Trustee, the Debtors, and the Creditors' Committee, as may be necessary, are authorized to execute the Liquidating Trust Agreement, as such may be amended or modified, and to take any action necessary or appropriate to implement, effectuate or consummate the Liquidating Trust Agreement. Each of the Liquidating Trust, the Liquidating

21

Trustee, and the Liquidating Trust Advisory Board shall have the rights, powers, duties and obligations assigned to it in the Plan and/or the Liquidating Trust Agreement. The Liquidating Trustee shall be entitled to receive compensation in accordance with the provisions of the Liquidating Trust Agreement and employ professionals as set forth herein and in the Liquidating Trust Agreement.

## P. Governmental Approvals Not Required.

This Order shall constitute all approvals and consents, if any, required by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation and consummation of the Plan, the Liquidating Trust Agreement, the Settlement Claim Agreements, and all transactions contemplated by any of the foregoing.

## Q. Exemption From Certain Taxes.

Pursuant to section 1146 of the Bankruptcy Code, any transfers in the United States from a Debtor to any other person under the Plan or this Order shall not be subject to any tax under any law imposing a stamp tax or similar tax.

## R. Bar Date For Administrative Claims.

Pursuant to Section 3.02 of the Plan, (i) any Person that was required to but failed to File a request for the payment of an Administrative Claim that was subject to the Initial Administrative Claims Bar Date is forever barred from receiving payment for such Administrative Claim from the Debtors, the Estates, or the Liquidating Trust; and (ii) all Persons asserting Administrative Claims accruing on or after September 30, 2009, and not otherwise paid by the Debtors in the ordinary course must File such Administrative Claims with the Bankruptcy Court no later than forty-five (45) days after the Effective Date (the "Final Administrative Claims Bar Date") or forever be barred from receiving payment from the Debtors, the Estates, or

22

the Liquidating Trust for such Administrative Claims. The Liquidating Trustee, or any other Person with standing, shall have ninety (90) days from the Final Administrative Claims Bar Date to object to any timely Filed and served Administrative Claim, unless such objection deadline is further extended by the Court on motion Filed by the Liquidating Trustee.

**S.     Final Fee Applications.**

Pursuant to Section 3.03 of the Plan, all professionals requesting compensation for Fee Claims for services rendered or costs incurred prior to and including the Effective Date must file with the Bankruptcy Court and serve an application for final allowance of such Fee Claim no later than the Final Administrative Claims Bar Date or forever be barred from receiving payment from the Debtors, the Estates or the Liquidating Trust for such Fee Claims.

**T.     Objections To Claims.**

Objections to Claims shall be Filed and served upon each affected claimant on or prior to 180 days after the later of: (a) the Effective Date; or (b) the date a Claim is Filed with the Court and served on counsel for the Liquidating Trustee. The Liquidating Trustee may seek to extend such time to object to Claims, by motion Filed with the Court.

**U.     Continuance Of Injunctions And Automatic Stay.**

All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect thereafter until the Effective Date, except as otherwise provided in this Order, the Plan, or pursuant to their own terms.

**V.     Payment Of Fees Under 28 U.S.C. § 1930.**

All fees due and payable by the Debtors under 28 U.S.C. §1930 shall be paid on the Effective Date, and the Liquidating Trust shall thereafter pay any such statutory fees that come due after the Effective Date until the Chapter 11 Cases are closed.

23

### W.     Existing Securities.

Pursuant to Sections 5.06 and 6.07 of the Plan, all Interests in the Debtors shall be terminated effective upon the Effective Date and all warrants, options or other contractual rights evidencing or creating any Interest in a Debtor or providing for a right to purchase an Interest in one or more of the Debtors shall be deemed canceled and of no further force or effect.

### X.     Insurance Policies.

Notwithstanding anything to the contrary contained in this Order or the Plan, all of the Debtors' rights in or in connection with insurance policies and any agreements, documents, or instruments relating thereto, are continued. Nothing in the Plan or this Order shall constitute or be deemed a waiver of any cause of action that the Debtors or the Debtors' Estates may hold against any Person or Entity, including without limitation, the insurer, under any of the Debtors' past or present insurance policies. To the extent necessary, the Liquidating Trust shall be a successor in interest to any of the Debtors as an insured under any insurance policy.

### Y.     Authorization To Consummate Plan.

Upon the Effective Date, the Debtors, the Creditors' Committee, the Liquidating Trustee, and each other person or entity having duties or responsibilities under the Plan, and all documents related thereto, are authorized and empowered to: (a) carry out all of the provisions of this Order, the Plan, and such Plan documents; (b) to issue, execute, deliver, file and record, as appropriate, this Order, the Plan, the Plan documents and any related agreements or documents; (c) to take any action contemplated by the Plan, the Plan documents or this Order; and (d) to issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, bills of sale, assignments or other agreements or documents, and to perform such other acts as are consistent with, and necessary or appropriate to, implement, effectuate and consummate the Plan, the Plan documents and this Order and the transactions contemplated thereby and hereby,

24

all without further application to, or further order of this Court and all without any further action required by shareholders, directors, officers, managers, or members of the Debtors or Creditors' Committee.

## Z.    Cessation Of The Debtors' Business Operations.

From and after the Effective Date, the Debtors (i) subject to the provisions of the Plan, shall be deemed, for all purposes, to have dissolved and terminated all of their business operations, wherever located, and shall not be required to file any document, pay any sum, or take any other action in connection therewith; and (ii) shall not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date.

## AA.   Notice Of Entry Of Confirmation Order.

Promptly after entry of this Order but no later than seven (7) days after occurrence of the Effective Date, the Debtors or Liquidating Trustee are hereby directed to serve notice of the entry of this Order via first class United States mail on (i) all Persons or entities that received copies of Solicitation Packages pursuant to the terms of the Disclosure Statement Order; (ii) all Professionals employed in the Chapter 11 Cases that have not obtained an order approving compensation on a final basis; (iii) those parties known to have requested notice pursuant to Bankruptcy Rule 2002; and (iv) any other known party in interest or counterparty to an executory contract or unexpired lease that is rejected pursuant to the terms of this Order and the Plan. The notice shall (a) identify the Effective Date, (b) identify the deadline for filing final fee applications, (c) identify the Final Administrative Claims Bar Date, (d) identify the deadline for the filing of rejection damage claims, (e) and provide such other information as may be appropriate to implement the Plan. The foregoing notice shall be adequate and sufficient notice of the entry of this Order and the post-confirmation deadlines set forth herein, pursuant to

25

sections 102(1) and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3020, 9007, 9021, 9022, and other applicable law and rules of the Court.

**BB.  Reference To Plan Provisions.**

The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the approval and effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

**CC.  Inconsistency.**

In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall control unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between this Order and the Plan or any document intended to implement the provisions of the Plan, the provisions of this Order shall control.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and this Order, the Plan shall apply and be enforceable, notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition.

**DD.  No Effect On Prior Orders.**

Nothing in the Plan or this Order shall amend, alter, modify, change, or affect in any manner any prior order of this Court or any agreement approved by prior order of this Court.

**EE.  Retention Of Jurisdiction.**

Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including without limitation the matters set forth in Section 12.01 of the Plan.

**FF. Vacatur Of Order.**

If any provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan or this Order prior to receipt of written notice of such order by the Debtors or Liquidating Trustee. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order, the Plan, all documents relating to the Plan and any amendments or modifications to any of the foregoing.

**GG. Record Date For Distributions To Class 3A And Class 3B Claimants.**

Subject to Section 5.5 of the Liquidating Trust Agreement, which sets forth the limitations on the transferability of beneficial interests in the Liquidating Trust (i) as of the close of business on the Effective Date, the various books and records and transfer and claims registers as maintained by the Debtors and the Indenture Trustee for each of the Class 3A Claims and Class 3B Claims (the "Claims Registers"), shall be deemed closed, and there shall be no further changes in the holders of any of such Claims; (ii) subject to the allowance or disallowance of such Class 3A Claims and Class 3B Claims in a manner consistent with the Plan, holders of such Claims as are reflected in the applicable Claims Registers as of the close of business on the Effective Date shall be the Liquidating Trust Beneficiaries of the Liquidating Trust; (iii) neither the Debtors, the Liquidating Trust nor the Liquidating Trustee shall have any obligation to recognize any transfer of a Class 3A or Class 3B Claim occurring after the close of business on the Effective Date; and (iv) the Debtors, the Liquidating Trustee and the Indenture Trustee shall be entitled to recognize and deal with, as Liquidating Trust Beneficiaries, for all purposes under

27

the Plan and the Liquidating Trust Agreement, only those persons who are holders of Claims identified on the Claims Registers as of the close of business on the Effective Date, and solely with respect to the Liquidating Trustee persons who are holders of Claims by virtue of transfers or assignments of such Claims that are recognizable by the Liquidating Trustee under Section 5.5 of the Liquidating Trust Agreement, in each instance, subject to the allowance of such Claims.

### HH. Resolution Of Travis County Taxing Authorities' Objection.

In full resolution of the Objection to the Plan filed by Nelda Wells Spears, Travis County Tax Assessor-Collector for and on behalf of taxing authorities Travis County, City of Austin, Austin Independent School District, Austin Community College, and Travis County Hospital District (collectively, "Travis County") (Docket No. 1002), on or before June 4, 2010, the Debtors shall pay to Travis County the sum of $43,993.84 in full and final satisfaction of all amounts owed to Travis County for 2009 taxes, which sum shall be paid from (i) the segregated account established for that purpose and (ii) the balance from Cash.

### II. Resolution Of IRS Objection.

In full resolution of the Objection to the Plan filed by the Internal Revenue Service (the "IRS") (Docket No. 1019), notwithstanding any provision to the contrary in the Plan, this Order, and any implementing Plan documents (collectively, the "Documents"), nothing shall: (1) affect the ability of the IRS to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors; (2) affect the rights of the IRS to assert setoff and recoupment and such rights are expressly preserved; (3) discharge any claim of the IRS described in 11 U.S.C. Section 1141(d)(6); and (4) require the IRS to file a claim for post-petition taxes pursuant to 11 U.S.C. Section 503(b)(1)(D). To the extent the IRS has any Allowed Administrative Claims (the "Allowed IRS Administrative

28

Claims"), such Allowed IRS Administrative Claims shall be paid in full in cash within the later of (i) fifteen (15) days after the Effective Date, (ii) the applicable payment due date of such Allowed IRS Administrative Claims, and (iii) fifteen (15) days after allowance by agreement or order of this Court, and in the case of payment of such Allowed IRS Administrative Claims being made in accordance with (iii) above, interest shall accrue from the Effective Date at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622. To the extent the IRS has any Allowed Priority Tax Claims (the "Allowed IRS Priority Tax Claims") that are not paid in full in cash within fifteen (15) days after the Effective Date, the Allowed IRS Priority Tax Claims shall be paid in no less frequent than equal quarterly payments over a five year period commencing on the Effective Date, with interest to accrue from the Effective Date at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622. Moreover, the Debtors (or, as applicable, the Liquidating Trust) agree that nothing in the Documents: (1) excuses the Debtors (or, as applicable, the Liquidating Trust) from timely filing or causing to be filed all required federal tax returns; (2) binds the IRS to any characterizations, for tax purposes, of any transaction set forth in the Documents; (3) binds the IRS to any characterizations, for tax purposes of any valuation of any property set forth in the Documents; or (4) excuses the Debtors' (or, as applicable, the Liquidating Trust's) compliance with the provisions of the Internal Revenue Code.

## JJ.    Resolution Of IDOL Objection.

The Objection filed by Catherine Shannon, Director of the Illinois Department of Labor (the "IDOL") to Confirmation of Debtors' Joint Chapter 11 Plan of Liquidation (the "IDOL Plan Objection") (Docket No. 1020) is resolved in full, as such resolution was described and approved on the record at the Confirmation Hearing as being fair and reasonable, in the best interests of creditors and the Debtors' Estates, and in furtherance of and in connection with confirmation,

29

implementation, and consummation of the Plan. The agreement reached between the parties resolves, *inter alia*, the IDOL Plan Objection, all amounts claimed by the IDOL against the Officers under the Illinois Wage Payment and Collection Act, the claims for final compensation as filed with the IDOL by the participating Complaining Employees (as that term will be defined in the IDOL Settlement Agreement), and the adversary proceeding filed by the Debtors at Adv. No. 09-52288 (KG). The resolution will be set forth in a settlement agreement (the "IDOL Settlement Agreement") to be executed by the IDOL, the Debtors, and the Creditors' Committee and agreed to by the participating Complaining Employees. The IDOL Settlement Agreement shall be submitted to the Court under a certification of counsel on or before June 4, 2010.

**KK. Final Order And Waiver Of Stay.**

This Order constitutes a final order and the period in which an appeal must be Filed shall commence upon the entry hereof. The stay of this Order provided by any Bankruptcy Rule is hereby waived and this Order shall be effective and enforceable immediately upon entry by the Court.

Dated: May **21**, 2010
      Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge

30