---------------------------------------------------------x
In re:                            :    Chapter 11
                                    :
   MIDWAY GAMES INC., et al.,         :    09-10465 (KG)
                                    :
                  Debtors.      :    (Jointly Administered)
                                    :
                                    :    **Objection Deadline: August 9, 2010 at 4:00 p.m. (ET)**
---------------------------------------------------------x

## SIXTEENTH MONTHLY AND FINAL FEE APPLICATION OF MILBANK, TWEED, HADLEY & McCLOY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM FEBRUARY 23, 2009 THROUGH JUNE 11, 2010

Name of Applicant:                           Milbank, Tweed, Hadley & McCloy LLP

Authorized to Provide
Professional Services to:                    Official Committee of Unsecured Creditors

Date of Retention:                          March 27, 2009, *nunc pro tunc* February 23, 2009

Period for Which Compensation
and Reimbursement is Sought:          February 23, 2009 through June 11, 2010

Amount of Compensation Sought
As Actual, Reasonable and Necessary:    $2,968,598.25[1]

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary:     $251,219.66

---

[1] For administrative ease, Milbank has included in its request for compensation for professional services rendered and reimbursement of expenses for the Sixteenth Monthly Period (as defined below) the stub period of June 1, 2010 through and including June 11, 2010, such that the Sixteenth Monthly Period extends from May 1, 2010 through and including June 11, 2010. Compensation for the Sixteenth Monthly Period is in the amount of $110,050.00 (100%), and such expenses are in the amount of $8,133.75 (100%). A summary, a detailed description of the services rendered and a detailed list of expenses for the Sixteenth Monthly Period is included herein. In addition, Milbank has included in this amount compensation for the preparation and prosecution of this Application occurring after June 11, 2010. Assuming that Milbank is not required to respond to any objections to this Application or appear at a hearing on this Application, Milbank estimates that its fees and expenses associated with the post-June 11, 2010 preparation of this Application will not exceed $5,000.00. Milbank expressly reserves its right to request additional fees and expenses if Milbank is required to appear at a hearing to consider this Application.

This is a/an: __X__ monthly _____ interim __X__ final application.

This is the final fee application filed by Milbank Tweed, Hadley & M^cCloy LLP in these cases.

## PRIOR APPLICATIONS OF MILBANK, TWEED, HADLEY & McCLOY LLP: COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| Date Filed & Docket No. | Period Covered | Requested[2] | | Approved[3] | | Amount Currently Withheld | |
|---|---|---|---|---|---|---|---|
| | | Fees (100%) | Expenses (100%) | Fees | Expenses (100%) | Fees | Expenses |
| Apr. 14, 2009 D.I. 255 | Feb. 23, 2009 to Feb. 28, 2009 | $103,698.75 | $1,409.22 | $103,698.75 (100%) | $1,409.22 | $0 | $0 |
| Apr. 27, 2009 D.I. 308 | Mar. 1, 2009 to Mar. 31, 2009 | $840,131.75 | $77,239.59 | $840,131.75 (100%) | $77,239.59 | $0 | $0 |
| June 1, 2009 D.I. 382 | Apr. 1, 2009 to Apr. 30, 2009 | $355,489.00 | $55,873.74 | $355,489.00 (100%) | $55,873.74 | $0 | $0 |
| Aug. 11, 2009 D.I. 533 | May 1, 2009 to May 31, 2009 | $157,905.75 | $6,766.68 | $157,905.75 (100%) | $6,766.68 | $0 | $0 |
| Aug. 12, 2009 D.I. 538 | June 1, 2009 to June 30, 2009 | $103,897.00 | $5,485.94 | $103,897.00 (100%) | $5,485.94 | $0 | $0 |
| Sept. 23, 2009 D.I. 619 | July 1, 2009 to July 31, 2009 | $303,032.25 | $9,836.55 | $303,032.25 (100%) | $9,836.55 | $0 | $0 |
| Oct. 22, 2009 D.I. 690 | Aug. 1, 2009 to Aug. 31, 2009 | $150,918.00 | $15,702.21 | $150,918.00 (100%) | $15,702.21 | $0 | $0 |

---

[2]    The total incurred fees and expenses in the summary chart represent the actual amounts incurred in each of Milbank's filed Monthly Applications (as defined herein). Pursuant to the Compensation Procedures Order, the Debtors are authorized to: (i) remit payment of 80% of professional fees requested in a monthly fee application upon the filing of a Certificate of No Objection to such application, and (ii) remit payment of the unpaid balance of all requested fees and expenses upon entry of an interim order.

[3]    On August 10, 2009, the Court entered the First Interim Order (as defined herein) awarding interim approval and allowance of 100% of professional fees for the period of February 23, 2009 through and including April 30, 2009 (D.I. 532). On October 20, 2009, the Court entered the Second Interim Order (as defined herein) awarding interim approval and allowance of 100% of professional fees for the period of May 1, 2009 through and including July 31, 2009 (D.I. 688). On December 18, 2009, the Court entered the Third Interim Order (as defined herein) awarding interim approval and allowance of 100% of professional fees for the period of August 1, 2009 through and including October 31, 2009 (D.I. 807). On May 21, 2010, the Court entered the Fourth Interim Order (as defined herein) awarding interim approval and allowance of 100% of professional fees for the period of November 1, 2009 through and including January 31, 2010 (D.I. 1050).

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Nov. 4, 2009<br>D.I. 702 | Sept. 1, 2009 to<br>Sept. 30, 2009 | $288,327.25 | $25,174.13 | $288,327.25<br>(100%) | $25,174.13 | $0 | $0 |
| Nov. 20, 2009<br>D.I. 721 | Oct. 1, 2009 to<br>Oct. 31, 2009 | $63,082.00 | $4,360.87 | $63,082.00<br>(100%) | $4,360.87 | $0 | $0 |
| Jan. 29, 2010<br>D.I. 861 | Nov. 1, 2009 to<br>Nov. 30, 2009 | $116,826.25 | $12,087.20 | $116,826.25<br>(100%) | $12,087.20 | $0 | $0 |
| Feb. 4, 2010<br>D.I. 865 | Dec. 1, 2009 to<br>Dec. 31, 2009 | $59,021.50 | $9,430.71 | $59,021.50<br>(100%) | $9,430.71 | $0 | $0 |
| Mar. 17, 2010<br>D.I. 913 | Jan. 1, 2010 to<br>Jan. 31, 2010 | $98,304.50 | $3,799.30 | $98,304.50<br>(100%) | $3,799.30 | $0 | $0 |
| Apr. 9, 2010<br>D.I. 971 | Feb. 1, 2010 to<br>Feb. 28, 2010 | $78,052.00 | $3,403.67 | $62,441.60<br>(80%) | $3,403.67 | $15,610.40 | $0 |
| May 18, 2010<br>D.I. 1037 | Mar. 1, 2010 to<br>Mar. 31, 2010 | $78,189.75 | $7,961.46 | $62,551.80<br>(80%) | $7,961.46 | $15,637.95 | $0 |
| May 28, 2010<br>D.I. 1073[4] | Apr. 1, 2010 to<br>Apr. 30, 2010 | $56,672.50 | $4,554.64 | $45,338.00<br>(80%) | $4,554.64 | $56,672.50 | $4,554.64 |

---

[4]    On June 2, 2010, Milbank filed a notice of errata (D.I. 1083, the "Notice of Errata") regarding the Fifteenth Monthly Application (as defined herein). The amounts reflected herein incorporate adjustments disclosed in the Notice of Errata.

**SUMMARY OF SERVICES RENDERED DURING
MILBANK, TWEED, HADLEY & McCLOY LLP'S
SIXTEENTH MONTHLY PERIOD AS COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
(MAY 1, 2010 THROUGH JUNE 11, 2010)**

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Gregory A. Bray | Milbank Financial Restructuring Partner for 9 years; admitted to CA Bar in 1984. | $1050 | 32.0 | $33,600.00 |
| Linda Dakin-Grimm | Milbank Litigation Partner for 11 years; admitted to CA Bar in 1985, DC Bar in 2006 and NY Bar 2007. | $1025 | 0.3 | $307.50 |
| Russell J. Kestenbaum | Milbank Tax Partner for 3 years; admitted to NY Bar in 1997. | $825 | 0.3 | $247.50 |
| Jane L. Hanson | Milbank Litigation Of Counsel for 12 years; admitted to NY Bar in 1984. | $870 | 0.8 | $696.00 |
| David B. Zolkin | Milbank Financial Restructuring Associate for 11 years; admitted to CA Bar in 1991. | $695 *$347.50 | 70.4 15.0 | $48,928.00 $5,212.50 |
| John K. White Jr. | Milbank Litigation Associate for 5 years; admitted to NY Bar in 2006. | $625 | 1.6 | $1,000.00 |
| Roger Lee | Milbank Financial Restructuring Associate for 2 years; admitted to NY Bar in 2009. | $525 | 22.3 | $11,707.50 |
| Deana M. Brown | Milbank Financial Restructuring Associate since 2010; admitted to CA Bar in 2010. | $450 | 16.7 | $7,515.00 |
| Benjamin Harris | Legal Assistant | $185 | 4.2 | $777.00 |
| Bryan D. Loper | Litigation Support Specialist | $295 | 0.2 | $59.00 |
| **Total** | | **$671.86 (blended rate)[5]** | **163.8 Hours** | **$110,050.00** |

---

[5]  The blended rate <u>excluding</u> paraprofessionals is $685.16 per hour.

\*  Per rule 2016-2(d)(viii) of the Local Rules of the Bankruptcy Court for the District of Delaware, Milbank bills travel time at 50% of normal rates.

**SUMMARY OF SERVICES RENDERED DURING
MILBANK, TWEED, HADLEY & MᶜCLOY LLP'S
SIXTEENTH MONTHLY PERIOD AS COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
(MAY 1, 2010 THROUGH JUNE 11, 2010)**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Administration/U.S. Trustee Compliance | 2.0 | $2,100.00 |
| Claims Analysis and Estimation | 29.5 | $19,417.50 |
| Committee Administration | 0.5 | $262.50 |
| Committee Meetings | 4.5 | $2,906.50 |
| Communication with Creditors | 2.5 | $1,601.50 |
| Court Hearings | 1.2 | $834.00 |
| Disclosure Statement | 4.0 | $4,200.00 |
| Fee Applications – Other | 0.5 | $347.50 |
| File, Docket, & Calendar Maintenance | 4.2 | $777.00 |
| Litigation | 7.7 | $5,258.50 |
| Plan | 71.1 | $55,477.00 |
| Preparation of Milbank Fee Applications | 20.7 | $11,377.50 |
| Tax Issues | 0.4 | $278.00 |
| Travel Time[6] | 15.0 | $5,212.50 |
|  |  |  |
| **Total** | **163.8** | **$110,050.00** |

---

[6]  Per rule 2016-2(d)(viii) of the Local Rules of the Bankruptcy Court for the District of Delaware, Milbank bills travel time at 50% of normal rates.

**SUMMARY OF DISBURSEMENTS INCURRED DURING
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP'S
SIXTEENTH MONTHLY PERIOD AS COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
(MAY 1, 2010 THROUGH JUNE 11, 2010)**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Computer Database Research | $4,781.86 |
| Meals | $120.35 |
| Photocopies/Printing | $107.50 |
| Telephone | $228.15 |
| Travel | $2,895.89 |
| **TOTAL DISBURSEMENTS** | **$8,133.75** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re: : Chapter 11
:
MIDWAY GAMES INC., et al., : 09-10465 (KG)
:
Debtors. : (Jointly Administered)
:
: **Objection Deadline: August 9, 2010 at 4:00 p.m. (ET)**
---------------------------------------------------------x

## FINAL FEE APPLICATION OF
## MILBANK, TWEED, HADLEY & McCLOY LLP FOR COMPENSATION
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
## AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR THE PERIOD FROM FEBRUARY 23, 2009 THROUGH JUNE 11, 2010

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Bankruptcy Rules for

the District of Delaware (the "Local Rules"), the Court's Order Pursuant to 11 U.S.C. §§ 105(a)

and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, dated March 9, 2009 (D.I. 139, the "Compensation Procedures Order"), the

Court's Order Under 11 U.S.C. § 1103 and Fed. R. Bankr. P 2014 and 5002, Authorizing

Retention and Employment of Milbank, Tweed, Hadley & McCloy LLP As Counsel to Official

Committee of Unsecured Creditors of Midway Games Inc., et al., Effective As of February 23,

2009, dated March 26, 2008 (D.I. 194, the "Milbank Retention Order"), and the Court's Order

Confirming Debtors' Joint Chapter 11 Plan of Liquidation, dated May 21, 2010 (D.I. 1051, the

"Confirmation Order"), Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), counsel to the

Official Committee of Unsecured Creditors (the "Creditors' Committee") of Midway Games

Inc., et al. (together, the "Debtors"), debtors and debtors in possession in the above-captioned

chapter 11 cases, hereby files this application ("Application") for allowance of compensation and reimbursement of expenses for the period of February 23, 2009 through and including June 11, 2010 (the "Application Period") on a final basis. By this Application, Milbank seeks (i) allowance of one-hundred percent (100%) of the total amount of compensation sought for professional services rendered during the period of May 1, 2009 through and including June 11, 2010 (the "Sixteenth Monthly Period"), in the amount of $110,050.00, and one-hundred percent (100%) of its actual and necessary expenses incurred during the Sixteenth Monthly Period, in the amount of $8,133.75, (ii) allowance and approval, on a final basis, of all compensation for reasonable, actual and necessary professional services rendered during the Application Period in the amount of $2,968,598.25,[7] (iii) allowance and approval, on a final basis, of reimbursement for all reasonable, actual and necessary expenses incurred in connection with such services in the amount of $251,219.66, and (iv) payment of compensation and/or reimbursement of expenses withheld during the Application Period in the amount of $215,659.24,[8] to the extent such amounts remain outstanding prior to an order on this Application. In support of this Application, Milbank respectfully represents as follows:

---

[7]    Milbank has included in this amount, compensation for the preparation and prosecution of this Application occurring after June 11, 2010. Assuming that Milbank is not required to respond to any objections to this Application or appear at a hearing on this Application, Milbank has estimated that its fees and expenses associated with the preparation of this Application post-June 11, 2010 will not exceed $5,000.00. Milbank expressly reserves its right to request additional fees and expenses if Milbank is required to appear at a hearing to consider this Application.

[8]    This amount reflects all fees and expenses requested for the Application Period that are in fact unpaid as of the date of this Application. This includes: the twenty percent (20%) fee holdback for the Thirteenth Monthly Application (as defined herein); the twenty percent (20%) fee holdback for the Fourteenth Monthly Application (as defined herein); all fees and expenses requested in the Fifteenth Monthly Application; and the fees and expenses requested herein for the Sixteenth Monthly Period and preparation and prosecution of this Application occurring after June 11, 2010. To the extent that Milbank receives payment on any fee applications ahead of the entry of an order on this Application, any further amount to be paid to Milbank pursuant to such order will be adjusted accordingly.

## **Background**

1.      On February 12, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      On February 23, 2009, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors' Committee.

3.      On February 23, 2009, the Creditors' Committee duly selected Milbank as counsel to represent its interests during the pendency of the Debtors' chapter 11 cases. On March 27, 2009, this Court entered the Milbank Retention Order pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002, authorizing the Creditors' Committee to retain and employ Milbank as counsel as of February 23, 2009.

4.      On March 10, 2009, this Court entered the Compensation Procedures Order. In accordance with the Compensation Procedures Order, professionals retained in these cases are permitted to file monthly fee applications for interim approval of compensation no earlier than the twentieth (20th) day of the month following the month for which the professional is seeking payment. The Compensation Procedures Order also authorizes a professional to file a certificate of no objection with the Court, upon the expiration of twenty (20) days after service of a monthly fee application, after which the Debtors are authorized and directed to pay the professional an amount equal to eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the applicable monthly fee application.

5.      The Compensation Procedures Order also provides that professionals are to file and serve upon the notice parties at three month intervals a request (an "Interim Fee Application") for interim Court approval and allowance of the fees and reimbursement of expenses sought in the monthly fee applications during such interim fee periods. Upon entry of

an order approving the relief requested in an Interim Fee Application (the "Interim Fee Order"), the Debtors are authorized and directed to pay the professional one-hundred percent (100%) of the fees and expenses requested by that Interim Fee Application (less any amounts previously paid in connection with the monthly fee applications). Any payment made pursuant to the monthly fee applications or the Interim Fee Orders is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

6.     On May 21, 2010, the Court entered an order (D.I. 1051) confirming the Debtors' Joint Chapter 11 Plan of Liquidation, dated March 26, 2010 (D.I. 936, the "Plan"). On June 11, 2010, the Plan went effective and the Midway Liquidating Trust established. Buchwald Capital Advisors LLC serves as liquidating trustee for the Midway Liquidating Trust (the "Liquidating Trustee").

### Billing History

7.     On April 14, 2009, Milbank filed the First Monthly Fee Application Of Milbank, Tweed, Hadley & McCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From February 23, 2009 Through February 28, 2009 ("the "First Monthly Period") (D.I. 255) (the "First Monthly Application"). In the First Monthly Application, Milbank requested (i) payment of $82,959.00, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the First Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the First Monthly Period in the amount of $1,409.22. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on May 6, 2009, certifying that the deadline to object to the First Monthly Application had passed and no

4

objections had been filed (D.I. 326). On June 4, 2009, Milbank received payment from the Debtors in the amount of $84,368.22, representing all the requested fees and expenses, less the twenty percent (20%) fee holdback.

8.    On April 27, 2009, Milbank filed the Second Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From March 1, 2009 Through March 31, 2009 ("the "Second Monthly Period") (D.I. 308) (the "Second Monthly Application"). In the Second Monthly Application, Milbank requested (i) payment of $672,105.40, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Second Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Second Monthly Period in the amount of $77,239.59. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on May 20, 2009, certifying that the deadline to object to the Second Monthly Application had passed and no objections had been filed (D.I. 356). On June 4, 2009, Milbank received payment from the Debtors in the amount of $749,344.99, representing all the requested fees and expenses, less the twenty percent (20%) fee holdback.

9.    On June 1, 2009, Milbank filed the Third Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From April 1, 2009 Through April 30, 2009 ("the "Third Monthly Period") (D.I. 382) (the "Third Monthly Application"). In the Third Monthly Application, Milbank requested (i) payment of $284,391.20, which is equal to eighty percent (80%) of the total amount of

compensation sought for professional services rendered during the Third Monthly Period, and

(ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred

during the Third Monthly Period in the amount of $55,873.74. In accordance with the

Compensation Procedures Order, Milbank filed a certificate of no objection on June 25, 2009,

certifying that the deadline to object to the Third Monthly Application had passed and no

objections had been filed (D.I. 429). On June 30, 2009, Milbank received payment from the

Debtors in the amount of $340,264.94, representing all the requested fees and expenses, less the

twenty percent (20%) fee holdback.

    10.   On June 22, 2009, Milbank filed the First Interim Fee Application Of

Milbank, Tweed, Hadley & M$^{c}$Cloy LLP For Compensation For Services Rendered And

Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the

Period From February 23, 2009 Through April 30, 2009 (the "First Interim Application") (D.I.

411). In the First Interim Application, Milbank sought (i) allowance of one-hundred percent

(100%) of the total amount of compensation sought for professional services rendered during the

period of February 23, 2009 through and including April 30, 2009 (the "First Interim Period") in

the amount of $1,299,319.50, (ii) allowance of one-hundred percent (100%) of its actual and

necessary expenses incurred during the First Interim Period, in the amount of $134,522.55, and

(iii) payment of compensation and/or reimbursement of expenses withheld during the First

Interim Period, in the amount of $259,863.90 (the 20% fee holdback). On August 10, 2009, the

Court entered an omnibus order awarding interim allowance of compensation for services

rendered and reimbursement of expenses (the "First Interim Order") (D.I. 532), which approved,

among others, all fees and expense reimbursements sought by Milbank in its First Interim

Application. On September 4, 2009, Milbank received payment from the Debtors in the amount

of $259,863.90, representing the unpaid balance of all the requested fees and expenses allowed pursuant to the First Interim Order.

11.     On August 11, 2009, Milbank filed the Fourth Monthly Fee Application Of Milbank, Tweed, Hadley & M^cCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From May 1, 2009 Through May 31, 2009 ("the "Fourth Monthly Period") (D.I. 533) (the "Fourth Monthly Application").  In the Fourth Monthly Application, Milbank requested (i) payment of $126,324.60, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Fourth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Fourth Monthly Period in the amount of $6,766.68.  In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on September 2, 2009, certifying that the deadline to object to the Fourth Monthly Application had passed and no objections had been filed (D.I. 593).

12.     On August 12, 2009, Milbank filed the Fifth Monthly Fee Application Of Milbank, Tweed, Hadley & M^cCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From June 1, 2009 Through June 30, 2009 ("the "Fifth Monthly Period") (D.I. 538) (the "Fifth Monthly Application").  In the Fifth Monthly Application, Milbank requested (i) payment of $83,117.60, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Fifth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Fifth Monthly Period in the amount of $5,485.94.  In accordance with the

Compensation Procedures Order, Milbank filed a certificate of no objection on September 3, 2009, certifying that the deadline to object to the Fifth Monthly Application had passed and no objections had been filed (D.I. 596).

13.     On September 23, 2009, Milbank filed the Sixth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From July 1, 2009 Through July 31, 2009 ("the "Sixth Monthly Period") (D.I. 619) (the "Sixth Monthly Application"). In the Sixth Monthly Application, Milbank requested (i) payment of $242,425.80, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Sixth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Sixth Monthly Period in the amount of $9,836.55. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on October 15, 2009, certifying that the deadline to object to the Sixth Monthly Application had passed and no objections had been filed (D.I. 676).

14.     On September 25, 2009, Milbank filed the Second Interim Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From May 1, 2009 Through July 31, 2009 (the "Second Interim Application") (D.I. 631). In the Second Interim Application, Milbank sought (i) allowance of one-hundred percent (100%) of the total amount of compensation sought for professional services rendered during the period of May 1, 2009 through and including July 31, 2009 (the "Second Interim Period") in the amount of $564,835.00, (ii) allowance of one-hundred percent (100%) of its actual and necessary

expenses incurred during the Second Interim Period, in the amount of $22,089.17, and (iii) payment of compensation and/or reimbursement of expenses withheld during the Second Interim Period, in the amount of $586,924.17 (including amounts the Debtors were authorized but had not paid to Milbank prior to the hearing on the Second Interim Application). On October 20, 2009, the Court entered an omnibus order awarding interim allowance of compensation for services rendered and reimbursement of expenses (the "Second Interim Order") (D.I. 688), which approved, among others, all fees and expense reimbursements sought by Milbank in its Second Interim Application. On October 22, 2009, Milbank received payment from the Debtors in the amount of $586,924.17, representing the unpaid balance of all the requested fees and expenses allowed pursuant to the Second Interim Order.

15. On October 22, 2009, Milbank filed the Seventh Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From August 1, 2009 Through August 31, 2009 ("the "Seventh Monthly Period") (D.I. 690) (the "Seventh Monthly Application"). In the Seventh Monthly Application, Milbank requested (i) payment of $120,734.40, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Seventh Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Seventh Monthly Period in the amount of $15,702.21. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on November 16, 2009, certifying that the deadline to object to the Seventh Monthly Application had passed and no objections had been filed (D.I. 716). On November 20, 2009, Milbank received payment

from the Debtors in the amount of $136,437.61, representing all the requested fees and expenses, less the twenty percent (20%) fee holdback.

16. On November 4, 2009, Milbank filed the Eighth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From September 1, 2009 Through September 30, 2009 ("the "Eighth Monthly Period") (D.I. 702) (the "Eighth Monthly Application"). In the Eighth Monthly Application, Milbank requested (i) payment of $230,661.80, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Eighth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Eighth Monthly Period in the amount of $25,174.13. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on November 30, 2009, certifying that the deadline to object to the Eighth Monthly Application had passed and no objections had been filed (D.I. 735). On December 9, 2009, Milbank received payment from the Debtors in the amount of $255,835.93, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

17. On November 20, 2009, Milbank filed the Ninth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From October 1, 2009 Through October 31, 2009 ("the "Ninth Monthly Period") (D.I. 721) (the "Ninth Monthly Application"). In the Ninth Monthly Application, Milbank requested (i) payment of $50,465.60 which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Ninth Monthly Period, and

(ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Ninth Monthly Period in the amount of $4,360.87. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on December 16, 2009, certifying that the deadline to object to the Ninth Monthly Application had passed and no objections had been filed (D.I. 801).

18.     On December 1, 2009, Milbank filed the Third Interim Fee Application Of Milbank, Tweed, Hadley & M^cCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From August 1, 2009 Through October 31, 2009 (the "Third Interim Application") (D.I. 740). In the Third Interim Application, Milbank sought (i) allowance of one-hundred percent (100%) of the total amount of compensation sought for professional services rendered during the period of August 1, 2009 through and including October 31, 2009 (the "Third Interim Period") in the amount of $502,327.25, (ii) allowance of one-hundred percent (100%) of its actual and necessary expenses incurred during the Third Interim Period, in the amount of $45,237.21, and (iii) payment of compensation and/or reimbursement of expenses withheld during the Third Interim Period, in the amount of $411,127.85 (including amounts the Debtors were authorized but had not paid to Milbank prior to the date of the Third Interim Application). On December 18, 2009, the Court entered an omnibus order awarding interim allowance of compensation for services rendered and reimbursement of expenses (the "Third Interim Order") (D.I. 807), which approved, among others, all fees and expense reimbursements sought by Milbank in its Third Interim Application. On December 22, 2009, Milbank received payment from the Debtors in the amount of $155,291.92, representing the unpaid balance of all the requested fees and expenses allowed pursuant to the Third Interim Order.

19.     On January 29, 2010, Milbank filed the Tenth Monthly Fee Application Of Milbank, Tweed, Hadley & M^cCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From November 1, 2009 Through November 30, 2009 ("the "Tenth Monthly Period") (D.I. 861) (the "Tenth Monthly Application").  In the Tenth Monthly Application, Milbank requested (i) payment of $116,826.25 which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Tenth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Tenth Monthly Period in the amount of $12,087.20.  In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on February 22, 2009, certifying that the deadline to object to the Tenth Monthly Application had passed and no objections had been filed (D.I. 884).  On March 10, 2010, Milbank received payment from the Debtors in the amount of $105,548.20, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

20.     On February 4, 2010, Milbank filed the Eleventh Monthly Fee Application Of Milbank, Tweed, Hadley & M^cCloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From December 1, 2009 Through December 31, 2009 ("the "Eleventh Monthly Period") (D.I. 865) (the "Eleventh Monthly Application").  In the Eleventh Monthly Application, Milbank requested (i) payment of $47,217.20, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Eleventh Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Eleventh Monthly Period in the amount of $9,430.71.  In accordance with the

Compensation Procedures Order, Milbank filed a certificate of no objection on March 1, 2010 certifying that the deadline to object to the Eleventh Monthly Application had passed and no objections had been filed (D.I. 894). On March 15, 2010, Milbank received payment from the Debtors in the amount of $56,647.91, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

21. On March 17, 2010, Milbank filed the Twelfth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From January 1, 2010 Through January 31, 2010 ("the "Twelfth Monthly Period") (D.I. 913) (the "Twelfth Monthly Application"). In the Twelfth Monthly Application, Milbank requested (i) payment of $78,643.60, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Twelfth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Twelfth Monthly Period in the amount of $3,799.30. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on April 8, 2010, certifying that the deadline to object to the Twelfth Monthly Application had passed and no objections had been filed (D.I. 966). On April 19, 2010, Milbank received payment from the Debtors in the amount of $82,442.90, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

22. On April 9, 2010, Milbank filed the Fourth Interim Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From November 1, 2009 Through January 31, 2010 (the "Fourth Interim Application")

(D.I. 972). In the Fourth Interim Application, Milbank sought (i) allowance of one-hundred percent (100%) of the total amount of compensation sought for professional services rendered during the period of November 1, 2009 through and including January 31, 2010 (the "Fourth Interim Period") in the amount of $274,152.25, (ii) allowance of one-hundred percent (100%) of its actual and necessary expenses incurred during the Fourth Interim Period, in the amount of $25,317.21, and (iii) payment of compensation and/or reimbursement of expenses withheld during the Fourth Interim Period, in the amount of $137,273.35 (including amounts the Debtors were authorized but had not paid to Milbank prior to the date of the Fourth Interim Application). On May 21, 2010, the Court entered an omnibus order awarding interim allowance of compensation for services rendered and reimbursement of expenses (the "Fourth Interim Order") (D.I. 1050), which approved, among others, all fees and expense reimbursements sought by Milbank in its Fourth Interim Application. On June 1, 2010, Milbank received payment from the Debtors in the amount of $54,830.45, representing the unpaid balance of all the requested fees and expenses allowed pursuant to the Fourth Interim Order.

23.    On April 9, 2010, Milbank filed the Thirteenth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From February 1, 2010 Through February 28, 2010 ("the "Thirteenth Monthly Period") (D.I. 971) (the "Thirteenth Monthly Application"). In the Thirteenth Monthly Application, Milbank requested (i) payment of $62,441.60, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Thirteenth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Thirteenth Monthly Period in the amount of $3,403.67.

In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on May 3, 2010 certifying that the deadline to object to the Thirteenth Monthly Application had passed and no objections had been filed (D.I. 1017). On May 17, 2010, Milbank received payment from the Debtors in the amount of $65,845.27, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

24. On May 18, 2010 Milbank filed the Fourteenth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From March 1, 2010 Through March 31, 2010 ("the "Fourteenth Monthly Period") (D.I. 1037) (the "Fourteenth Monthly Application"). In the Fourteenth Monthly Application, Milbank requested (i) payment of $62,551.80, which is equal to eighty percent (80%) of the total amount of compensation sought for professional services rendered during the Fourteenth Monthly Period, and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred during the Fourteenth Monthly Period in the amount of $7,961.46. In accordance with the Compensation Procedures Order, Milbank filed a certificate of no objection on June 9, 2010 certifying that the deadline to object to the Fourteenth Monthly Application had passed and no objections had been filed (D.I. 1089). On July 15, 2010, Milbank received payment from the Liquidating Trustee in the amount of $70,513.26, representing all requested fees and expenses, less the twenty percent (20%) fee holdback.

25. On May 28, 2010 Milbank filed the Fifteenth Monthly Fee Application Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel to Official Committee of Unsecured Creditors For the Period From April 1, 2010 Through April 30, 2010 ("the "Fifteenth Monthly Period") (D.I.

1073) (the "Fifteenth Monthly Application").[9] In the Fifteenth Monthly Application, Milbank

requested (i) payment of $45,338.00, which is equal to eighty percent (80%) of the total amount

of compensation sought for professional services rendered during the Fifteenth Monthly Period,

and (ii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses

incurred during the Fifteenth Monthly Period in the amount of $4,554.64. In accordance with the

Compensation Procedures Order, Milbank filed a certificate of no objection on June 22, 2010

certifying that the deadline to object to the Fifteenth Monthly Application had passed and no

objections had been filed (D.I. 1114). As of the date hereof, Milbank has not received payment

on account of the Fifteenth Monthly Application.

### Fee Application

26.     Sixteenth Monthly Period. By this Application, Milbank seeks allowance

and payment of compensation for professional services rendered on behalf of the Creditors'

Committee during the Sixteenth Monthly Period in the amount of $110,050.00 and

reimbursement of its actual, reasonable and necessary expenses incurred in connection with

rendering such services in the amount of $8,133.75. The fees sought reflect an aggregate of

163.8 hours of attorney and paraprofessional time spent and recorded in performing services for

the Creditors' Committee during the Sixteenth Monthly Period, at a blended hourly rate of

$671.86 for both professionals and paraprofessionals. The blended hourly rate excluding

paraprofessionals is $685.16.

27.     Milbank rendered services for which compensation is sought solely in

connection with these cases, in furtherance of the duties and functions of the Creditors'

---

[9]     The Fifteenth Monthly Application was revised pursuant to the Notice of Errata filed on June 2, 2010,
decreasing certain amounts requested in the Fifteenth Monthly Application. The amounts reflected herein
incorporate such deductions.

Committee. Milbank maintains written records of the time expended in the rendition of the professional services required by the Creditors' Committee. These records are maintained in the ordinary course of Milbank's practice.

28.     For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the Sixteenth Monthly Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney or paraprofessional, the hourly billing rate for each such attorney or paraprofessional at Milbank's current billing rates and an indication of the individual amounts requested as part of the total amount of compensation requested. Additionally, set forth in the billing summary is further information indicating whether each attorney is a partner, associate, senior attorney or counsel, how many years each attorney has held such position with Milbank and each attorney's primary area of concentration. The compensation requested by Milbank is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

29.     Set forth as Exhibit A hereto are time entry records recorded in tenths of an hour and by project category with a detailed description of services performed by each attorney and paraprofessional on behalf of the Creditors' Committee.

30.     Milbank also maintains contemporaneous records of all actual and necessary expenses incurred in connection with performing professional services. A summary of the expenses incurred is set forth on the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought and a breakdown of expenses by project category. Attached hereto as Exhibit B is a breakdown of the expenses, including the

17

date the expense was incurred, the charge and the individual incurring the expense. The summary lists the amounts and categories of expenses for which reimbursement is sought and a breakdown of expenses by project category. Milbank has incurred actual and necessary out-of-pocket expenses during the Sixteenth Monthly Period in the amount of $8,133.75.

31.    Final Application.  Pursuant to this Final Application, Milbank also seeks final allowance of compensation for legal services rendered on behalf of the Creditors' Committee during the Application Period, and final allowance of reimbursement for all reasonable, actual and necessary expenses incurred in connection with such services.

32.    The Monthly Applications contain detailed time logs describing the actual and necessary services provided by Milbank during the Application Period, as well as other detailed information required to be included in fee applications. Accordingly, the Monthly Applications are incorporated herein by reference.

**Summary of Services Rendered During Sixteenth Monthly Period**

33.    To provide an orderly and meaningful summary of the services rendered on behalf of the Creditors' Committee, Milbank established separate project billing categories for these cases. Milbank's professionals billed time to the following categories during the Sixteenth Monthly Period:

- Case Administration/U.S. Trustee Compliance
- Claims Analysis and Estimation
- Committee Administration
- Committee Meetings
- Communication with Creditors
- Court Hearings
- File, Docket & Calendar Maintenance
- Litigation
- Plan
- Preparation of Milbank Fee Applications
- Tax Issues
- Travel Time

34.     The following summary of services rendered is intended only to highlight matters where Milbank expended a considerable number of hours on behalf of the Creditors' Committee during the Sixteenth Monthly Period, and it is not meant to be a detailed description of all of the work performed.  This Application does not detail each and every correspondence, meeting, discussion, court appearance and all research conducted by Milbank during the Sixteenth Monthly Period.  Rather, such detail is set forth in Exhibit A attached hereto.

35.     General Overview of Services Rendered.  During the Sixteenth Monthly Period, Milbank rendered a variety of services on behalf of the Creditors' Committee (which services are described in detail in Exhibit A attached hereto).  Among other things, Milbank rendered general services related to the administration of the Creditors' Committee and performed such other legal services as were required and deemed to be in the interests of the Creditors' Committee.  In connection therewith, Milbank conducted Creditors' Committee meetings; reviewed and analyzed motions, applications and objections; apprised the Creditors' Committee of events in the Debtors' bankruptcy cases and conducted numerous meetings and telephone conferences with the Debtors' advisors, the Creditors' Committee's co-counsel, the Creditors' Committee's financial advisor, attorneys for individual Committee members and Committee members themselves.

36.     Claims Analysis and Estimation.  Work performed under this category related to ongoing efforts to reconcile and resolve certain claims filed against the Debtors' estates.  Milbank professionals worked closely with the Debtors' counsel and the Creditors' Committee's financial advisor, FTI Consulting, Inc. ("FTI"), during the Sixteenth Monthly Period in connection with the consideration of such claims.  In particular, during the Sixteenth Monthly Period, Milbank professionals, at the direction of the Creditors' Committee, negotiated

the terms of a settlement with the Debtors and the Illinois Department of Labor ("IDOL") concerning IDOL's claims asserted against various current or former officers, directors and employees of the Debtors. As a result of Milbank's efforts, IDOL's objection to the Plan was resolved, which allowed the Plan to be confirmed on a consensual basis. On June 21, 2010, the Court approved the settlement with IDOL, resolving the remaining issues in the Debtors' adversary proceeding against IDOL (D.I. 1111).

37.     Plan. During the Sixteenth Monthly Period, Milbank professionals continued to work on matters related to confirmation of the Plan and its effective date in order to ensure that initial distributions under the Plan would be made as soon as practicable. Accordingly, Milbank continued to revise a liquidating trust agreement, while consulting with both the Creditors' Committee and the liquidating trustee candidate selected by the Creditors' Committee. Milbank also examined the Debtors' settlement agreements with certain current or former officers of the Debtors, as contemplated by the Plan. The liquidating trust agreement and settlement agreements were filed as part of the Debtors' Plan supplement on May 14, 2010 (D.I. 1031).

38.     In addition to the objection filed by IDOL, two other parties also objected to the Debtors' Plan. Milbank professionals worked with the Debtors to reach consensual resolutions of the objections, and the Plan was ultimately confirmed on May 21, 2010 (D.I. 1051). Following confirmation, Milbank professionals continued to work closely with the Debtors, FTI and the Liquidating Trustee to consummate the Plan, including finalization of the liquidating trust agreement, which was executed and established the Midway Liquidating Trust on the Plan's effective date and taking steps necessary to insure the smooth transition of the Debtors' records and remaining assets into the hands of the Liquidating Trustee.

39.     Preparation of Milbank Fee Applications.  Work performed under this category related to the preparation of Milbank's fee applications.  During the Sixteenth Monthly Period, this included the Fourteenth and Fifteenth Monthly Applications, as well as portions of this Application.

**Requested Compensation and Expense**
**Reimbursement Should Be Approved**

40.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of,
>        or beneficial at the time which the service was rendered
>        toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable
>        amount of time commensurate with the complexity,
>        importance, and nature of the problem, issue, or task
>        addressed;
>
> (E)   with respect to a professional person, whether the person is
>        board certified or otherwise has demonstrated skill and
>        expertise in the bankruptcy field; and

21

      (F)    whether the compensation is reasonable based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

      41.    Milbank submits this Application seeking final allowance of compensation

for actual and necessary professional services performed as counsel for the Creditors' Committee

in the total amount of $2,968,598.25, as well as final allowance of reimbursement for actual and

necessary out-of-pocket expenses incurred in the total amount of $251,219.66 for the Application

Period, and payment of all amounts remaining outstanding, including those requested herein for

the Sixteenth Monthly Period. Again, the full scope of the services provided and the related

expenses incurred during the Application Period are fully described in the Monthly Applications

that have already been filed with the Court.

      42.    With respect to the time and labor expended by Milbank in these cases, as

set forth in the Monthly Applications and herein, Milbank rendered professional services in the

combined total amount of $2,968,598.25. Milbank believes that it is appropriate to be

compensated for the time spent in connection with such matters, and to that end, has set forth in

the Monthly Applications a brief narrative description of the services rendered as counsel for the

Creditors' Committee and the time expended, organized by project categories. Milbank has

attempted to place the services provided in the category that best relates to such services.

Because certain services may relate to one or more categories, however, services pertaining to

one category may be properly included in another category.

      43.    In addition, the Monthly Applications contain time entry records recorded

in tenths of an hour and by project category with a detailed description of services performed by

each attorney and paraprofessional on behalf of the Creditors' Committee.

      44.    The professional services rendered by Milbank during the Application

Period have required a high degree of professional competence and expertise so that the numerous issues requiring the Creditors' Committee's evaluation and action could be addressed with skill and dispatch. Milbank respectfully submits that it has rendered these services to the Creditors' Committee efficiently, effectively, economically and without duplication of services performed by any other professional in these cases. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. Milbank further submits the requested compensation is reasonable in light of the nature, extent and value of such services to the Creditors' Committee and all other parties in interest.

45. The Monthly Applications also contain a breakdown of out-of-pocket expenses incurred by Milbank during the Application Period in connection with performing professional services. Milbank has incurred out-of-pocket expenses during the Application Period in the amount of $251,219.66, which sum is broken down into categories of charges, including, among other things, telephone charges, computer database research, travel expenses, facsimile expenses, courier and express mail charges, and in-house photocopying and binding charges.

46. In connection with the reimbursement of actual, reasonable and necessary expenses, it is Milbank's policy to charge clients in all areas of practice for its expenses incurred, other than fixed and routine overhead expenses. The expenses charged to Milbank's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs and non-ordinary overhead expenses

23

particularly attributable to an individual client or case, such as secretarial and other overtime.

47. Milbank has charged the Creditors' Committee for these expenses at rates consistent with those charged to Milbank's other bankruptcy clients, which rates are equal to or less than the rates charged by Milbank to its non-bankruptcy clients. Milbank seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents ($0.10) per page for photocopying, (b) no charge for incoming facsimiles and (c) one dollar ($1) per page for out-going facsimiles.

48. Attorneys at Milbank have not incurred and will not incur expenses for luxury accommodations or air travel in excess of coach fares unless coach fares are not reasonably available. Throughout the Application Period, including the Sixteenth Monthly Period, Milbank has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

49. To the best of Milbank's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the United States Trustee for this district, the Local Rules and orders of this Court and the Compensation Procedures Order.

### Reservation

50. To the extent time charges for services rendered or disbursements incurred relating to the Application Period were not processed prior to the preparation of this Application, or Milbank has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, Milbank reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application. The undersigned has reviewed the

requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with Local Rule 2016-2.

## Notice

51. No trustee or examiner has been sought or appointed in these cases. In accordance with the Compensation Procedures Order, this Application has been served on (i) the Liquidating Trustee; (ii) counsel for the Liquidating Trustee; and (iii) the Office of the United States Trustee, 844 King Street, Suite 2313, Wilmington, Delaware 19801, Attn: David Buchbinder. Notice of this Application was also served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

## No Prior Request

52. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, Milbank respectfully requests entry of an order (i) allowing one-hundred percent (100%) of the total amount of compensation sought for professional services rendered during the Sixteenth Monthly Period, in the amount of $110,050.00, and one-hundred percent (100%) of its actual and necessary expenses incurred during the Sixteenth Monthly Period, in the amount of $8,133.75, (ii) allowing and approving, on a final basis, all compensation for reasonable, actual and necessary professional services rendered during the Application Period in the amount of $2,968,598.25, (iii) allowing and approving, on a final basis, reimbursement for all reasonable, actual and necessary expenses incurred in connection with such services in the amount of $251,219.66 and (iv) directing payment of all amounts withheld during the Application Period in the amount of $215,659.24 (to the extent such amounts have not been previously paid to Milbank).

Dated: New York, New York
July 20, 2010

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**

By: _____
    Gregory A. Bray
    Linda Dakin-Grimm
    David Zolkin
    601 South Figueroa St., 31st Floor
    Los Angeles, California 90017
    Telephone: (213) 892-4000
    Facsimile: (213) 629-5063

    Roger Lee
    1 Chase Manhattan Plaza
    New York, New York 10005
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219

    Counsel for Official Committee of Unsecured Creditors of
    Midway Games Inc., et al.